# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY CIRAULU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN BLOCK, and LISA P. MCALISTER,<br><br>Defendants. | Case No. 14-CV-8659<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |
| BERNARD PRIEVER, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES INC., LISA P. MCALISTER, and BRIAN S. BLOCK,<br><br>Defendants. | Civil Action No. 14-CV-8668<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
| STUART RUBINSTEIN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES INC., BRIAN S. BLOCK, LISA P. MCALISTER, AND NICOLAS S. SCHORSCH<br><br>Defendants. | Case No. 14-CV-8669<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

| | |
|---|---|
| KEVIN PATTON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., DAVID S. KAY, NOCHOLAS S. SCHORSCH, BRIAN S. BLOCK, and LISA MCALISTER,<br><br>    Defendants. | Case No.: 14-CV-8671<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**DEMAND FOR JURY TRIAL** |
| JAMES W. EDWARDS, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN S. BLOCK, and LISA PAVELKA McALISTER,<br><br>    Defendants. | Case No.: 14-CV-8721<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br><u>DEMAND FOR JURY TRIAL</u> |
| BERNEY HARRIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, BRIAN S. BLOCK, DAVID S. KAY and LISA P. MCALISTER,<br><br>    Defendants. | Civil Action No. 14-CV-8740<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br><u>DEMAND FOR JURY TRIAL</u> |

| | |
|---|---|
| SIMON ABADI, On Behalf of Himself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, PETER M. BUDKO, BRIAN S. BLOCK, LISA E. BEESON, WILLIAM M. KAHANE, EDWARD M. WEIL, JR., LESLIE D. MICHELSON, EDWARD G. RENDELL, and SCOTT J. BOWMAN,<br><br>     Defendants. | Case No. 14-CV-9006<br><br>**SUMMONS IN A CIVIL ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF SJUNDE AP-FONDEN FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii
PRELIMINARY STATEMENT ............................................................................................ 1
STATEMENT OF FACTS ..................................................................................................... 2
ARGUMENT .......................................................................................................................... 4
   A.   The PSLRA's Lead Plaintiff Provisions ...................................................................... 4
   B.   AP7 Is The "Most Adequate Plaintiff" ........................................................................ 6
      1.   AP7 Has The Largest Financial Interest In The Relief Sought By The Class ......... 6
      2.   AP7 Satisfies The Requirements Of Rule 23 ........................................................... 6
         (a)   AP7 Is Typical ................................................................................................... 7
         (b)   AP7 Is Adequate ................................................................................................ 7
   C.   The Court Should Approve AP7's Selection Of Counsel ............................................ 8
CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abadi v. American Realty Capital Properties, Inc. et al.*,
   No. 14-CV-9006 ...................................................................................................................3

*Baughman v. Pall Corp.*,
   250 F.R.D. 121 (E.D.N.Y. 2008) ..........................................................................................6

*Ciraulu v. American Realty Capital Properties, Inc. et al.*,
   No. 14-CV-8659 (AH) ..................................................................................................1, 5, 3

*Edwards v. American Realty Capital Properties, Inc. et al.*,
   No. 14-CV-08721 ...................................................................................................................3

*Harris v. American Realty Capital Properties, Inc. et al.*,
   No. 14-CV-8740 .....................................................................................................................3

*In re Centerline Holding Co. Sec. Litig.*,
   Nos. 08 Civ. 505(SAS), 08 Civ. 1026(SAS), 08 Civ. 1158(SAS), 08 Civ. 1458(SAS),
   08 Civ. 1593(SAS), 08 Civ. 1902(SAS), 2008 WL 1959799 (S.D.N.Y. May 5, 2008) ............4

*In re Doral Fin. Corp. Sec. Litig.*,
   414 F. Supp. 2d 398 (S.D.N.Y. 2006) ....................................................................................4

*In re Elan Corp. Sec. Litig.*,
   No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ...............................4

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) .........................................................................................7, 8

*In re General Motors Corp. Sec. Litig.*,
   M.D.L. No. 1749 (E.D. Mich.) ...............................................................................................9

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) ...........................................................................................4

*In re Global Crossing, Ltd. Securities Litigation*,
   No. 02-cv-910 (S.D.N.Y.) ......................................................................................................9

*In re JPMorgan Chase & Co. Securities Litigation*,
   No, 12-cv-3852 (S.D.N.Y.) ....................................................................................................9

*In re Marsh & McLennan Cos. Securities Litigation*,
   MDL No. 1744 (S.D.N.Y.) .....................................................................................................9

*In re Oxford Health Plans, Inc., Securities Litigation*,
 M.D.L. No. 1222 (S.D.N.Y.) ...................................................................................................9

*In re Pfizer Securities Litigation*,
 No. 04-cv-9866 (S.D.N.Y.) .....................................................................................................9

*In re Refco, Inc., Securities Litigation*,
 No. 05-cv-8626 (S.D.N.Y.) .....................................................................................................9

*In re Safety-Kleen Corp. Bondholders Litig.*,
 No. 00-cv-1145-17 (D.S.C.) ...................................................................................................9

*In re Tronox, Inc. Sec. Litig.*,
 262 F.R.D 338 (S.D.N.Y. 2009) .............................................................................................7

*In re Tyco International Ltd. Securities Litigation*,
 MDL No. 02-cv-1335-B (D.N.H.) ..........................................................................................9

*In re UBS AG Securities Litigation*,
 No. 07-11225 (S.D.N.Y.) ........................................................................................................9

*Kaplan v. Gelfond*,
 240 F.R.D. 88 (S.D.N.Y. 2007) ..............................................................................................5

*Patton v. American Realty Capital Properties, Inc.*,
 No. 14-CV-8671 .....................................................................................................................3

*Priever v. American Realty Capital Properties, Inc. et al.*,
 No. 14-CV-8668 .....................................................................................................................3

*Rubinstein v. American Realty Capital Properties, Inc. et al.*,
 No. 14-CV-8669 .....................................................................................................................3

*Sgalambo v. McKenzie*,
 268 F.R.D. 170 (S.D.N.Y. 2010) ....................................................................................5, 6, 8

*Sofran v. LaBranche & Co., Inc.*,
 220 F.R.D. 398 (S.D.N.Y. 2004) ............................................................................................6

**STATUTES**

Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 ................ passim

Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B) ............................................ passim

Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B) ...................................................................1, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................... 2, 6, 7, 8

H.R. Conf. Rep. No. 104-369 (1995) *reprinted in* 1995 U.S.C.C.A.N. 730 ................................. 8

Sjunde AP-Fonden ("AP7") respectfully submits this Memorandum in support of its Motion for: (1) consolidation of the above-captioned cases; (2) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B) as amended by the PSLRA in the above-captioned securities class action; (3) approval of AP7's selection of Grant & Eisenhofer P.A. as Lead Counsel; and (4) for any such further relief that this Court may deem just and proper ("Motion").

**PRELIMINARY STATEMENT**

This Motion is being filed in the wake of seven (7) substantially similar complaints filed from October 30 through November 12, 2014 against American Realty Capital Properties, Inc. ("ARCP," "American Realty" or the "Company"), its officers and directors. All of these cases are filed on behalf of purchasers of ARCP common stock and all but one allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder as amended by the PSLRA. A single case alleges violations of the Securities Act of 1933, but is premised upon the same underlying facts.

The first complaint filed is styled *Ciraulu v. American Realty Captial Properties, Inc. et al.*, No. 14-CV-8659 (the "Complaint" or "Compl."). On October 30, 2014, the law firm that filed the Complaint published notice of the pendency of this action over *Global Newswire*, a widely-available, national business-oriented wire service, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than December 29, 2014. *See* Declaration of Geoffrey C. Jarvis, dated December 29, 2014 ("Jarvis Decl.") Exhibit ("Ex.") A. Movant AP7 is filing this motion on December 29, 2014.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In doing so, the Court is required to determine which movant: (a) has the "largest financial interest" in the relief sought by the Class in this litigation, and (b) has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). AP7 respectfully submits that it should be appointed Lead Plaintiff because it is the "most adequate plaintiff" under the PSLRA.

AP7 believes that it has the largest financial interest in this action by virtue of the losses it suffered as a result of Defendants' misconduct. As shown by the certifications submitted herewith, AP7 purchased 699,974 shares of ARCP common stock during the Class Period and suffered losses of $3,251,784 in connection with these transactions. A certification setting forth AP7's transactions in ARCP common stock is attached as Exhibit B to the Jarvis Decl. In addition, a chart setting forth calculations of AP7's losses is attached as Exhibit C to the Jarvis Decl.

## STATEMENT OF FACTS

ARCP is a real estate investment trust headquartered in New York, New York. It owns and acquires single tenant, freestanding commercial real estate that is net leased on a medium-term basis, primarily to investment grade credit rated and other creditworthiness tenants. (Dkt. No. 2, Compl. ¶¶ 2, 19) (*Id.*, Compl.) ARCP shares trade on the NASDAQ under the ticker symbol "ARCP." (*Id.*, Compl. ¶ 3)

On October 29, 2014, ARCP issued a press release and filed a Form 8-K with the SEC, announcing that certain previously issued financial statements contained errors and should no longer be relied upon. (*Id.*, Compl. ¶ 33) The same day, ARCP also announced the resignation

of its CFO and Chief Accounting Officer, both of whom had key roles in preparing the aforementioned financial statements. (*Id.*) Specifically, the press release provided that the instant guidance was based upon "the preliminary findings of [the Audit Committee's] investigation into concerns that" ARCP "incorrectly included certain amounts related to its non-controlling interests in the calculation of adjusted funds from operations." (*Id.*) The Audit Committee concluded "that this error was identified but intentionally not corrected, and other AFFO and financial statement errors were intentionally made, resulting in an overstatement of AFFO and an understatement of ARCP's net loss for the three and six months ended June 30, 2014." (*Id.*) In response to this news, that same day, ARCP shares fell $4.53, or over 36%, in intraday trading. (*Id.*, Compl. ¶ 34)

In the wake of ARCP's disclosure, seven (7) complaints were filed. Of those, four were filed on the day after the disclosures were made, October 30, 2014. Aside from the Complaint, the other matters are styled: 1) *Priever v. American Realty Capital Properties, Inc. et al.*, No. 14-CV-8668, 2) *Rubinstein v. American Realty Capital Properties, Inc. et al.*, No. 14-CV-8669, and 3) *Patton v. American Realty Capital Properties, Inc.*, No. 14-CV-8671.[1] Accordingly, *Ciraulu*, with the earliest index number, was the first-filed complaint.

The Complaint alleges violations of Sections 10(b) and 20(a) of the Exchange Act. (*Id.*, Compl. ¶¶ 1, 4, 6-7, 34-35, 45-61) Of the filed complaints, the *Rubinstein* complaint defines the longest class period, which includes "all persons who purchased American Realty common stock on the NASDAQ stock exchange or who otherwise acquired the Company's common stock

---

[1] The remaining three complaints, filed after October 30, are styled: *Edwards v. American Realty Capital Properties, Inc. et al.*, No. 14-CV-08721, *Harris v. American Realty Capital Properties, Inc. et al.*, No. 14-CV-8740, and *Abadi v. American Realty Capital Properties, Inc. et al.*, No. 14-CV-9006. *Abadi* asserts claims under the Securities Act of 1933 rather than the Securities Exchange Act of 1934, but is premised upon the same underlying conduct.

3

between May 6, 2013 and October 29, 2014."[2] (Dkt. 2 , Compl. ¶¶ 1, 53) The Complaint seeks unspecified compensatory damages under Sections 10(b) and 20(a). (*Id.*, Compl. ¶¶ 55, 61, Prayer for Relief). Pursuant to the requirements of the PSLRA, a public notice of this action was published on October 30, 2014. (*See* Jarvis Decl. Ex. A.) *See* 15 U.S.C. § 77z-1(a)(3)(A)(i). The PSLRA permits any member of the putative class to move for appointment as Lead Plaintiff within sixty days of the publication of notice that the first action ascertain substantially the same claims has been filed. (*Id.*) AP7 satisfies this deadline by making this motion.

## ARGUMENT

### A. THE PSLRA'S LEAD PLAINTIFF PROVISIONS

The PSLRA establishes the procedures for selecting a lead plaintiff in class action lawsuits alleging violations under the federal securities laws. *See* 15 U.S.C. § 78u-4(a). Pursuant to the PSLRA, there a number of requirements that must be satisfied. First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, within sixty days of publication of notice, any person who is a member of the proposed class may apply to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Third, the PSLRA provides that within ninety days after publication of notice, courts are to consider any

---

[2] When, as here, multiple complaints have been filed with different class periods, the court will evaluate each candidate's losses during the longest class period alleged, as long as that period is facially justifiable or "plausible." *See In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (using "the longer, most inclusive class period"); *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009) (finding class period to be plausible); *In re Centerline Holding Co. Sec. Litig.*, Nos. 08 Civ. 505(SAS), 08 Civ. 1026(SAS), 08 Civ. 1158(SAS), 08 Civ. 1458(SAS), 08 Civ. 1593(SAS), 08 Civ. 1902(SAS), 2008 WL 1959799, at *3 (S.D.N.Y. May 5, 2008) (applying plausibility standard); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) (using longest class period simply because it was the "most inclusive class period . . . as it encompasses more potential class members"). Here, the longest class period (beginning May 6, 2013), is plausible and in fact justifiable, because it begins on the date ARCP filed its Form 10-Q for the first quarter of 2013, the earliest of its financial statements that it says should no longer be relied upon.

motion made by a class member and appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice…;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (discussing the PSLRA's process for selecting a lead plaintiff); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93-94 (S.D.N.Y. 2007) (same).

Here, in connection with the filing of *Ciraulu v. American Realty Capital Properties, Inc. et al.*, No. 14-CV-8659 (AH), notice was published on *Global Newswire* on October 30, 2014. *See* Jarvis Decl., Exh. A. Thus, class members must move to be appointed as Lead Plaintiff no later than December 29, 2014, which is sixty days from October 30, 2014. *See* 15 U.S.C. § 78u-4(a)(3)(A). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, AP7 timely moves this Court for appointment as Lead Plaintiff on behalf of all members of the class. In addition, AP7 has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See* Grant & Eisenhofer P.A.'s firm biography, Jarvis Decl. Ex. D. Accordingly, AP7 satisfies the PSLRA's filing requirements for seeking appointment as Lead Plaintiff.

5

### B. AP7 IS THE "MOST ADEQUATE PLAINTIFF"

#### 1. AP7 Has The Largest Financial Interest In The Relief Sought By The Class

During the Class Period, AP7 suffered a loss of approximately $3.25 million under either a first-in, first-out (FIFO) basis or a last-in, first-out (LIFO) basis in connection with its Class Period transactions in ARCP securities. *See* Jarvis Decl., Ex. C. To the best of its knowledge, AP7's losses represent the largest financial interest in the relief sought by the class. *See Sgalambo*, 268 F.R.D. at 173.

#### 2. AP7 Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "In assessing whether a proposed lead plaintiff satisfies the criteria set forth in Rule 23, a district court focuses on the typicality and adequacy requirements of Rule 23." *Baughman v. Pall Corp.*, 250 F.R.D. 121, 126 (E.D.N.Y. 2008) *citing Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("Of the four prerequisites to class certification, only two – typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Although Rule 23 consists of four requirements, at this stage,

only a "prima facie showing that [the movant] satisfies the requirements of Rule 23" is required, rather than a "wide ranging analysis." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

### (a) AP7 Is Typical

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *In re eSpeed*, 232 F.R.D. at 102 (citation omitted).

Here, AP7 is typical because, just like all the other class members asserting claims under the Exchange Act, it: (1) purchased or otherwise acquired shares of ARCP common stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by Defendants' conduct causing the price of shares of ARCP's common stock to fall. *See In re Tronox, Inc. Sec. Litig.*, 262 F.R.D 338, 344 (S.D.N.Y. 2009). Thus, AP7's claims are typical of other class members' claims because both sets of claims arise out of the same course of events and are predicated on identical theories of liability and damages. *See id.*

### (b) AP7 Is Adequate

The adequacy requirement of Rule 23(a)(4) is met if the representative party makes a showing that it will "fairly and adequately protect the interests of the class." Specifically, the adequacy requirement is fulfilled when the plaintiff "seeks identical relief on identical claims based on identical legal theories making their interests not antagonistic with other class members." *In re Tronox*, 262 F.R.D. at 345.

7

Here, Rule *23's* adequacy requirement is easily satisfied. AP7 is a Swedish National Pension fund based in Sweden with assets under management in excess of $13 billion. There are no conflicts between AP7 and the class, as each seeks to recover losses caused by the Defendants' false and misleading statements. AP7 is a sophisticated institutional investor that suffered substantial losses as a result of Class Period purchases of ARCP common stock, and is committed to vigorously prosecuting this litigation and maximizing the recovery for the class.

In addition to satisfying the preliminary requirements of Rule 23, AP7 also fulfills a critical legislative goal – encouraging sophisticated institutional investors with large financial interests to serve as a lead plaintiff. *See In re eSpeed*, 232 F.R.D. at 99 ("The fact that the PSLRA was designed to favor institutional investors should be taken into account…"); *see also* H.R. Conf. Rep. No. 104-369 (1995) *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). With billions of dollars in assets under management, AP7 is a "large institutional investor." AP7's investment sophistication assures that they will adequately litigate this action and supervise class counsel. Finally, AP7 has also selected highly qualified legal counsel with significant experience prosecuting securities class action lawsuits. *See* Jarvis Decl. Ex. D.

### C. THE COURT SHOULD APPROVE AP7'S SELECTION OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Sgalambo*, 268 F.R.D. at 177. The court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Because AP7 has selected

counsel experienced in litigating securities fraud class actions with the resources necessary to prosecute this action and to obtain the best recovery possible for the class, their choice of lead counsel should be approved.

G&E is among the preeminent securities class action law firms in the country and has served as lead or co-lead counsel in several of the largest securities class actions in history, including: *In re Tyco International Ltd. Securities Litigation*, MDL No. 02-cv-1335-B (D.N.H.) ($3.2 billion recovery); *In re Global Crossing, Ltd. Securities Litigation*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *In re Refco, Inc., Securities Litigation*, No. 05-cv-8626 (S.D.N.Y.) ($422 million recovery); *In re Marsh & McLennan Cos. Securities Litigation*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re General Motors Corp. Sec. Litig.*, M.D.L. No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Securities Litigation*, M.D.L. No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litig.*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery). *See* Jarvis Decl., Ex. D.

In addition, G&E is currently serving as lead or co-lead counsel in several complex securities fraud class actions, including *In re JPMorgan Chase & Co. Securities Litigation*, No, 12-cv-3852 (S.D.N.Y.); *In re UBS AG Securities Litigation*, No. 07-11225 (S.D.N.Y.); and *In re Pfizer Securities Litigation*, No. 04-cv-9866 (S.D.N.Y.).

## CONCLUSION

For the foregoing reasons, AP7 respectfully requests that the Court: (1) consolidate the above-captioned cases; (2) appoint AP7 as lead plaintiff pursuant to the PSLRA; (3) approve AP7's selection of G&E to serve as lead counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

DATED: December 29, 2014  **GRANT & EISENHOFER P.A.**

/s/ Jay W. Eisenhofer
Jay W. Eisenhofer
Geoffrey C. Jarvis
Jonathan M. Kass
485 Lexington Ave., 29th Floor
New York, NY 10017
Tel: (646) 722-8500

*Counsel for Sjunde AP-Fonden and Proposed Lead Counsel for the Class*