UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY CIRAULU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN BLOCK and LISA MCALISTER,<br><br>Defendants. | Case No. 1:14-cv-08659-AKH<br><br>ECF Case |
| BERNARD PRIEVER, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., LISA P. MCALISTER and BRIAN S. BLOCK,<br><br>Defendants. | Case No. 1:14-cv-08668-AKH |

[Additional captions on following page]

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT CHARLES D. HOFFMAN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL</u>**

| | |
|---|---|
| STUART RUBENSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., BRIAN S. BLOCK, LISA MCALISTER and NICHOLAS S. SCHORSCH,<br><br>Defendants. | Case No. 1:14-cv-08669-AKH |
| KEVIN PATTON, Individually and on Behalf of All Others Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., DAVID S. KAY, NICHOLAS S. SCHORSCH, BRIAN S. BLOCK and LISA P. MCALISTER,<br><br>Defendants. | Case No. 1:14-cv-08671-AKH |
| JAMES W. EDWARDS, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN S. BLOCK and LISA PAVELKA McALISTER,<br><br>Defendants. | Case No. 1:14-cv-08721-AKH |

[Additional caption on following page]

| | |
|---|---|
| SIMON ABADI, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, PETER M. BUDKO, BRIAN S. BLOCK, LISA E. BEESON, WILLIAM M. KAHANE, EDWARD M. WEIL, JR., LESLIE D. MICHELSON, EDWARD G. RENDELL, and SCOTT J. BOWMAN,<br><br>Defendants. | Case No. 1:14-cv-09006-AKH |

# **TABLE OF CONTENTS**

                                                                                                             **Page**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ...................................................................................................................1

SUMMARY OF THE ACTION..............................................................................................1

ARGUMENT ...........................................................................................................................3

        A.       THE ACTIONS SHOULD BE CONSOLIDATED ................................................3

        B.       MR. HOFFMAN SHOULD BE APPOINTED LEAD PLAINTIFF ........................4

                1.       Mr. Hoffman is Believed to Have the Largest Financial Interest ................5

                2.       Mr. Hoffman Otherwise Satisfies the Requirements of Rule 23 .................5

        C.       THE COURT SHOULD APPROVE MR. HOFFMAN'S SELECTION OF
                LEAD COUNSEL ...................................................................................................7

CONCLUSION........................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992) ............................................................................................6

*In re Elan Corp. Sec. Litig.*,
    No. 08 Civ. 8761 (AKH), 2009 U.S. Dist. LEXIS 39859 (S.D.N.Y. May 11, 2009) ..........5

*In re Facebook, Inc., IPO Sec. and Deriv. Litig.*,
    288 F.R.D. 26 (S.D.N.Y. 2012) ......................................................................................4

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) .............4

*In re MicroStrategy Inc. Sec. Litig.*,
    110 F. Supp. 2d 427 (E.D. Va. 2000) ..............................................................................3

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ..........................................................................................3

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................3, 4, 6

*Tanne v. Autobytel*,
    226 F.R.D. 659 (C.D. Cal. 2005) ....................................................................................5

*Werner v. Satterlee, Stephens, Burke & Burke*,
    797 F. Supp. 1196 (S.D.N.Y. 1992) ................................................................................3

**Statutes and Rules**

15 U.S.C. §77z-1 (2014) ............................................................................................................4

15 U.S.C. §77z-1(a)(3)(A) (2014) .............................................................................................4

15 U.S.C. §77z-1(a)(3)(B) (2014) .............................................................................................5

15 U.S.C. §77z-1(a)(3)(B)(ii) (2014) .........................................................................................3

15 U.S.C. §78u-4 (2014) ............................................................................................................4

15 U.S.C. §78u-4(a)(3)(A) (2014) .............................................................................................4

15 U.S.C. §78u-4(a)(3)(B) (2014) .............................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(ii) (2014) .........................................................................................3

Fed. R. Civ. P. 42(a) ....................................................................................................................3

Movant, Charles D. Hoffman ("Movant" or "Mr. Hoffman"), by his counsel, respectfully submits this memorandum of law in support of his motion for consolidation of the above-captioned actions, appointment as Lead Plaintiff and approval of his selection of Lead Counsel.

## INTRODUCTION

These related actions are brought as class actions on behalf of all persons who purchased the common stock of American Realty Capital Properties, Inc. ("ARCP" or the "Company") for violations of the federal securities laws. The actions should be consolidated and Mr. Hoffman should be appointed lead plaintiff based upon his large financial interest in the relief sought by the class. In addition, Mr. Hoffman's selection of Abraham, Fruchter & Twersky, LLP ("AF&T") to act as Lead Counsel should also be approved based upon AF&T's substantial experience in prosecuting securities class actions.

## SUMMARY OF THE ACTION

ARCP is a self-managed commercial real estate investment trust ("REIT") focused on investing in single tenant freestanding commercial properties subject to net leases with high credit quality tenants. *Ciraulu* Complaint ¶19; *Priever* Complaint ¶12; *Rubenstein* Complaint ¶11; *Patton* Complaint ¶2; *Edwards* Complaint ¶13; *Abadi* Complaint ¶12.[1] One of the key operating metrics reported upon by the Company is adjusted funds from operations ("AFFO")

---

[1] Reference to the "*Ciraulu* Complaint" is to the complaint filed in *Ciraulu v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08659-AKH (S.D.N.Y.). Reference to the "*Priever* Complaint" is to the complaint filed in *Priever v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08668-AKH (S.D.N.Y.). Reference to the "*Rubenstein* Complaint" is to the complaint filed in *Rubenstein v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08669-AKH (S.D.N.Y.). Reference to the "*Patton* Complaint" is to the complaint filed in *Patton v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08671-AKH (S.D.N.Y.). Reference to the "*Edwards* Complaint" is to the complaint filed in *Edwards v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08721-AKH (S.D.N.Y.). Reference to the "*Abadi* Complaint" is to the complaint filed in *Abadi v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-09006-AKH (S.D.N.Y.).

which excludes certain items not related to the Company's fundamental business plan in order to present information useful in analyzing ARCP's operating performance. *Ciraulu* Complaint ¶22; *Priever* Complaint ¶3; *Rubenstein* Complaint ¶10-20; *Patton* Complaint ¶3; *Edwards* Complaint ¶3.

On October 29, 2014, before the market opened, the Company issued a press release disclosing that the Company's Audit Committee had concluded that ARCP's previously issued financial statements for the year ended December 31, 2013 and the quarterly periods ended March 31, 2014 and June 30, 2014 "should no longer be relied upon." *Ciraulu* Complaint ¶33; *Priever* Complaint ¶33; *Rubenstein* Complaint ¶49; *Patton* Complaint ¶24; *Edwards* Complaint ¶30; *Abadi* Complaint ¶40. The Company's Audit Committee believed that certain AFFO numbers erroneously reported in the Company financial statements were "intentionally not corrected, and other AFFO and financial statement errors were intentionally made . . . ." *Ciraulu* Complaint ¶33; *Priever* Complaint ¶34; *Rubenstein* Complaint ¶49; *Patton* Complaint ¶24; *Edwards* Complaint ¶30 ; *Abadi* Complaint ¶42. That same day, defendants Brian Block and Lisa McAllister, who are described as having "key roles" in the false and misleading statements, resigned from their respective positions as Chief Financial Officer and Chief Accounting Officer. *Ciraulu* Complaint ¶33; *Priever* Complaint ¶34; *Rubenstein* Complaint ¶49; *Patton* Complaint ¶24; *Edwards* Complaint ¶31; *Abadi* Complaint ¶42. The Company is "reevaluating its internal control of financial reporting its disclosure controls and procedures." *Ciraulu* Complaint ¶33; *Priever* Complaint ¶34; *Rubenstein* Complaint ¶49; *Patton* Complaint ¶24; *Edwards* Complaint ¶30; *Abadi* Complaint ¶43-44.

In reaction to the disclosure of the fraud, on October 29, 2014, ARCP's common stock dropped precipitously, trading as low as $7.85 per share, a decline of over 35% compared with

the previous day's closing price of $12.14 per share. *Ciraulu* Complaint ¶34; *Priever* Complaint ¶37; *Rubenstein* Complaint ¶52; *Patton* Complaint ¶30; *Edwards* Complaint ¶32; *Abadi* Complaint ¶48. Reports indicate that the Federal Bureau of Investigation ("FBI") has opened a criminal investigation and that the SEC plans to launch an investigation into the accounting irregularities. *Priever* Complaint ¶36 *Patton* Complaint ¶31; *Abadi* Complaint ¶46.

## ARGUMENT

### A. THE ACTIONS SHOULD BE CONSOLIDATED

Fed. R. Civ. P. 42(a) grants the Court discretion to consolidate "actions involving a common question of law or fact." The Court has broad discretion under this rule to consolidate cases pending within this District. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In addition, the Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that consolidation should occur where, as here, more than one action asserts "substantially the same claim." 15 U.S.C. §§77z-1(a)(3)(B)(ii) and 78u-4(a)(3)(B)(ii) (2014). The actions, however, need not be identical before they may be consolidated. *See*, *e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007) (differing class periods and different defendants do not prevent consolidation).

Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g., Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (consolidation appropriate in securities class actions); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports.") (internal quotations omitted). Any minor differences in asserted claims will not prevent

consolidation.  *See, e.g.*, *Kaplan*, 240 F.R.D. at 91 (finding that different class periods and different defendants will not prevent consolidation).

Here, the above-captioned actions allege claims under the federal securities laws arising out of the same series of events, time periods and involve many of the same defendants.  Courts in this District routinely consolidate claims under the Securities Act of 1933 (the "Securities Act") and Securities Exchange Act of 1934 (the "Exchange Act") in order to avoid the inefficiencies of dual track securities actions with different leadership structures.  *See In re Facebook, Inc., IPO Sec. and Deriv. Litig.*, 288 F.R.D. 26, 35-36 (S.D.N.Y. 2012); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *7 (S.D.N.Y. July 29, 2009) ("Allowing the . . . actions to proceed separately . . . would result in duplicative efforts, wasting both the Court's time and the parties' time and money.").  Given the overlapping facts and common defendants among the cases, consolidation is not only appropriate, but will also conserve judicial resources and promote the efficient prosecution of these actions.  *Kaplan*, 240 F.R.D. at 92.

**B.    MR. HOFFMAN SHOULD BE APPOINTED LEAD PLAINTIFF**

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§77z-1 and 78u-4 (2014), permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting class action claims has been filed.  *See* 15 U.S.C. §§77z-1(a)(3)(A) and 78u-4(a)(3)(A) (2014).  The PSLRA notice was published on October 30, 2014, making the deadline to move for Lead Plaintiff no later than December 29, 2014.  *See* Declaration of Jeffrey S. Abraham ("Abraham Decl."), Ex. A.  Mr. Hoffman satisfies the deadline by making this timely motion.

The Court is required to appoint a Lead Plaintiff that is the "most capable of adequately representing the interests of class members." 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B) (2014). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*

### 1. Mr. Hoffman is Believed to Have the Largest Financial Interest

Mr. Hoffman should be appointed Lead Plaintiff because, among other things, he has the largest financial interest in the relief sought as he held 120,000 shares of ARCP common stock at the time of the October 29, 2014 disclosures. *See* Abraham Decl. [2] Certification of Charles D. Hoffman, Exhibit A (attached as Exhibit B) to the best of Mr. Hoffman's knowledge, there are no other individual applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest arising from the purchase of ARCP common stock. Accordingly, Mr. Hoffman believes that he has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### 2. Mr. Hoffman Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Hoffman satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that they satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See In re Elan Corp. Sec. Litig.*, No. 08 Civ. 8761 (AKH), 2009 U.S. Dist. LEXIS 39859, at *5 (S.D.N.Y. May 11, 2009); *Tanne v. Autobytel*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) ("A wide ranging analysis is not appropriate to determine whether the [movant] has made a prima facie showing

---

[2] Mr. Hoffman purchased 172,200 shares and sold 52,200 shares during the Class period leaving him with a net holding of 120,000 shares at the end of the class period.

that he satisfies the requirements of Rule 23, and should be left for consideration on a motion for class certification.") (internal quotations and citation omitted).  Here, Mr. Hoffman unquestionably satisfies both requirements.

Mr. Hoffman's claims are typical of the claims of other purchasers of ARCP common stock.  Typicality exists if claims "arise[ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *See*, *e.g.*, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  Mr. Hoffman's claims in this action arise from the very same course of conduct as the claims of the other members of the class -- *i.e.*, Defendants' misstatements about AFFO and the Company's deficient financial reporting controls.

Mr. Hoffman likewise satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  "The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Kaplan*, 240 F.R.D. at 94.  Mr. Hoffman easily satisfies the elements of the adequacy requirement.  Mr. Hoffman's interests are perfectly aligned with those of the other members of the class and are not antagonistic in any way.  *See Autobytel*, 226 F.R.D. at 667.  There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Mr. Hoffman and other class members.  Indeed, Mr. Hoffman has submitted a Certification, affirming the understanding of his duties owed to class members through his commitment to oversee the prosecution of this

Action. *See* Abraham Decl., Ex. B. Through his Certification, Mr. Hoffman accepts the fiduciary obligations he will assume if appointed Lead Plaintiff in this action. *Id.*

Finally, Mr. Hoffman has demonstrated his adequacy through the selection of AF&T to represent the class. As discussed more fully below, AF&T is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**C.  THE COURT SHOULD APPROVE MR. HOFFMAN'S SELECTION OF LEAD COUNSEL**

The Court should approve Mr. Hoffman's choice of the law firm AF&T to serve as Lead Counsel. Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Mr. Hoffman has selected and retained the law firm of AF&T.

AF&T is a law firm experienced in prosecuting class action lawsuits and has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. *See* Abraham Decl. at Ex. C (AF&T Firm Biography). AF&T has successfully prosecuted numerous securities fraud class actions and obtained excellent results on behalf of defrauded investors around the country. *Id.* AF&T is currently serving as the court-appointed lead or co-lead counsel in a number of securities class actions including: *In re Fuqi International, Inc. Sec. Litig.,* 10 Civ. 2515 (DAB) (S.D.N.Y.); *Brown v. China Integrated Energy, Inc. et al.*, 11 Civ. 2559 (PLAx) (C.D. Cal.); and *Steginsky v. Xcelera Inc., et al.*, 12 Civ. 0188 (SRU) (D. Conn.). Accordingly, the Court should approve Movant's selection of AF&T as Lead Counsel.

## **CONCLUSION**

For the reasons discussed herein, Movant respectfully requests that the Court: (i) consolidate the above-captioned actions; (ii) appoint Charles D. Hoffman as Lead Plaintiff; and (iii) approve Mr. Hoffman's selection of AF&T as Lead Counsel.

Dated: December 29, 2014

**ABRAHAM, FRUCHTER
& TWERSKY, LLP**

*/s/* Jeffrey S. Abraham
Jeffrey S. Abraham
Philip T. Taylor
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Counsel for Proposed Lead Plaintiff
Charles D. Hoffman**