**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
PERRY CIRAULU, Individually And On Behalf Of All Others Similarly Situated,

    Plaintiff,

vs.

AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN BLOCK, and LISA MCALISTER,

    Defendants.
------------------------------------------------------------X
BERNARD PRIEVER, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

AMERICAN REALTY CAPITAL PROPERTIES INC., LISA P. MCALISTER, and BRIAN S. BLOCK,

    Defendants.
------------------------------------------------------------X

Case No.14-cv-08659 (AKH)

**CLASS ACTION**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE ARCP GROUP TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Case No. 14-cv-08668 (AKH)

**CLASS ACTION**

```
-------------------------------------------------------X
STUART RUBINSTEIN, Individually and On        Case No. 14-cv-08669 (AKH)
Behalf of All Others Similarly Situated,
                                              **CLASS ACTION**
            Plaintiff,

       vs.

AMERICAN REALTY CAPITAL
PROPERTIES, INC., BRIAN S. BLOCK,
LISA MCALISTE and NICHOLAS S.
SCHORSCH,

            Defendants.
-------------------------------------------------------X
KEVIN PATTON, Individually And On             Case No. 14-cv-08671 (AKH)
Behalf Of All Others Persons Similarly
Situated,                                     **CLASS ACTION**
            Plaintiff,

       vs.

AMERICAN REALTY CAPITAL
PROPERTIES, INC.; DAVID S. KAY;
NICHOLAS S. SCHORSCH; BRIAN S.
BLOCK; AND LISA P. MCALISTER,

            Defendants.
-------------------------------------------------------X
JAMES W. EDWARDS, JR., Individually And       Case No. 14-cv-08721 (AKH)
On Behalf Of All Others Similarly Situated,
                                              **CLASS ACTION**
            Plaintiff,

       vs.

AMERICAN REALTY CAPITAL
PROPERTIES, INC., NICHOLAS S.
SCHORSCH, DAVID S. KAY, BRIAN S.
BLOCK and LISA PAVELKA McALISTER

            Defendants.
-------------------------------------------------------X
```

---------------------------------------------------------X
SIMON ABADI, On Behalf Of Himself and   Case No. 14-cv-09006 (AKH)
All Others Similarly Situated,

            **CLASS ACTION**

   Plaintiff,

   vs.

AMERICAN REALTY CAPITAL
PROPERTIES, INC., NICHOLAS S.
SCHORSCH, DAVID S. KAY, PETER M.
BUDKO, BRIAN S. BLOCK, LISA E.
BEESON, WILLIAM M. KAHANE,
EDWARD M. WEIL, JR., LESLIE D.
MICHELSON, EDWARD G. RENDELL, and
SCOTT J. BOWMAN,

   Defendants.
---------------------------------------------------------X

Heng Kok Lee & You Tick Lee Revocable Living Trust DTD 12/3/99, Stephen Chino and Stephen Tubin, individually and on behalf of all others similarly situated ("Movants" or the "ARCP Group") respectfully submits this memorandum of law in support of his motion for appointment as lead plaintiff and approval of The Rosen Law Firm, P.A. as lead counsel.

## I. BACKROUND

On October 30, 2014 three substantially similar cases were filed against American Realty Capital Properties, Inc. and certain of its present and former officers and directors for violations of the federal securities laws. That same day, a PSLRA early notice was issued advising potential class members of the pendency of the action and the option for class members to seek appointment as lead plaintiff. *See* Exhibit 1.

There are currently six related cases, as captioned above. One action styled as *Simon Abadi v. American Realty Capital Properties, et al.* No. 1:14-cv-09006 (AKH), is brought on behalf of those investors who exchanged their Cole Real Estate Investments, Inc. common stock

for ARCP common stock pursuant to a December 23, 2013 merger registration statement ("Merger Class"). The ARCP Group seeks to be appointed lead plaintiff of the Merger Class. The Merger Class Plaintiffs allege that the financial statements set forth in the registration statement contained inaccurate statements of material fact under the Securities Act of 1933.

## ARGUMENT

### II. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

Movants believe all the related cases should be consolidated but that separate lead plaintiffs should be appointed for the Merger Class in order to protect the interests of the class and given that the Merger Class claims are based on the Securities Act of 1933—which require no proof of fraud—are based on a share exchange—whereas the fraud claims here are brought under the Securities Exchange Act of 1934 on behalf of open market purchases under a fraud theory of liability.

### III. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §77z-1(a)(3)(B). The PSLRA provides a "rebuttable

presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

### A. Movants are Willing to Serve as Class Representative

On October 30, 2014, a notice of pendency of plaintiff's case was published on *Businesswire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against American Realty, and certain of its executive officers, and advising purchasers of the Company's securities that they had until December 29, 2014 to file a motion to be appointed as lead plaintiff. *See*, Ex. 1.

Movants file the instant motion pursuant to the published notice, and submit herewith their sworn certifications attesting that they are willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See,* Ex. 2. Movants, therefore satisfy the first PSLRA requirement that a putative lead plaintiff either files a complaint or makes a motion in response to a published notice.

### B. Movants have the Largest Financial Interest in This Action

The PSLRA requires a court to adopt rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class. 15 U.S.C. §77z-1(a)(3)(B)(iii). "While the PSLRA does not specify how we

5

should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takera Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005.) Of the Lax/Olsen-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants exchanged their Cole common stock for over 28,315 shares of ARCP common stock, suffering substantial financial losses. *See,* Ex. 2. Movants are not aware of any others that have suffered greater losses in connection with their exchange of Cole common stock for ARCP common stock. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. Movants Satisfy the Requirements of Rule 23 Of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998)

certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Furwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

### 1. Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. See *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movants' claims are typical of the claims asserted by the Merger Class. Movants, like all members of the Merger Class, allege that defendants violated the federal securities laws by issuing false and misleading statements about the Company's financial condition. Movants' interests are closely aligned with the other Merger Class members' and their interests are, therefore typical of the other members of the Merger Class.

### 2. Movants are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.2d. 201, 265 (3d Cir. 2001). Here, Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiff. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Merger Class.

Movants also sustained substantial financial losses from their investments in American Realty stock and are, therefore, extremely motivated to pursue claims in this action.

### D. Movants are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly adequately protect the interest of the class; of

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §77z-1(a)(3)(B)(iii).

The presumption that Movants are the most adequate lead plaintiff is not, therefore subject to rebuttal. They have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to fairly and adequately represent the Merger Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Merger Class. Accordingly, Movants are presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Merger Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### IV. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff case." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movants have retained The Rosen Law Firm P.A. to pursue this litigation on their behalf, and Movants will retain the firm as plaintiff's lead counsel in the event they are appointed lead

plaintiff. The Rosen Law Firm, P.A. possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached hereto as Ex. 3.

## V. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court to grant their motion and enter an Order (a) consolidating the related actions (b) appointing Movants as lead plaintiff, (c) approving The Rosen Law Firm P.A. as lead counsel for the Class (d) and granting such other relief as the Court may deem just and proper.

DATED: December 29, 2014                    Respectfully submitted,

                                            THE ROSEN LAW FIRM, P.A.

                                            /s/ Phillip Kim
                                            Philip Kim, Esq. (PK 9384)
                                            Laurence M. Rosen, Esq. (LR 5733)
                                            275 Madison Avenue, 34th Floor
                                            New York, New York 10016
                                            Telephone: (212) 686-1060
                                            Facsimile: (212) 202-3827
                                            pkim@rosenlegal.com
                                            lrosen@rosenlegal.com

                                            [Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 29th day of December, 2014, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

    /s/ Phillip Kim