UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY CIRAULU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,<br><br>Defendants. | Civil Action No. 1:14-cv-08659-AKH<br><br><u>CLASS ACTION</u> |
| BERNARD PRIEVER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,<br><br>Defendants. | Civil Action No. 1:14-cv-08668-AKH<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF TIAA-CREF'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL

|  |  |
|---|---|
| STUART RUBINSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,<br><br>    Defendants. | Civil Action No. 1:14-cv-08669-AKH<br><br><u>CLASS ACTION</u> |
| KEVIN PATTON, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,<br><br>    Defendants. | Civil Action No. 1:14-cv-08671-AKH<br><br><u>CLASS ACTION</u> |
| JAMES W. EDWARDS, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,<br><br>    Defendants. | Civil Action No. 1:14-cv-08721-AKH<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

|                                                                                           |   |                                   |
|-------------------------------------------------------------------------------------------|---|-----------------------------------|
| BERNEY HARRIS, Individually and on Behalf of All Others Similarly Situated,               | : | Civil Action No. 1:14-cv-08740-AKH |
|                                                                                           | : | CLASS ACTION                      |
| Plaintiff,                                                                                | : |                                   |
| vs.                                                                                       | : |                                   |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,                                         | : |                                   |
| Defendants.                                                                               | : |                                   |
| SIMON ABADI, on Behalf of Himself and All Others Similarly Situated,                      | : | Civil Action No. 1:14-cv-09006-AKH |
|                                                                                           | : | CLASS ACTION                      |
| Plaintiff,                                                                                | : |                                   |
| vs.                                                                                       | : |                                   |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,                                         | : |                                   |
| Defendants.                                                                               | : |                                   |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................1

II. FACTUAL BACKGROUND .......................................................................................2

III. ARGUMENT .................................................................................................................5

    A. The Related Actions Should Be Consolidated........................................................5

    B. TIAA-CREF Should Be Appointed as Lead Plaintiff.............................................6

        1. TIAA-CREF's Motion Is Timely................................................................7

        2. TIAA-CREF Has the Largest Financial Interest in the Relief Sought by the Class....................................................................................7

        3. TIAA-CREF Satisfies Rule 23 of the Federal Rules of Civil Procedure at This Stage ................................................................................8

    C. The Court Should Approve TIAA-CREF's Selection of Counsel...........................9

IV. CONCLUSION............................................................................................................10

## TABLE OF AUTHORITIES

Page

**CASES**

*In re Elan Corp. Sec. Litig.*,
   2009 U.S. Dist. LEXIS 39859 (S.D.N.Y. May 8, 2009) ...................................................6, 7, 8

*In re Enron Corp. Sec. Litig.*,
   No. 01-H-3624, 2005 U.S. Dist. LEXIS 41240 (S.D. Tex. Dec. 22, 2005)..............................9

*Jones v. Pfizer, Inc.*,
   No. 10 Civ. 3864 (AKH) (S.D.N.Y. Nov. 4, 2010) ................................................................9

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §77z-1(a)(3)(B) ........................................................................................................................1
   §78u-4(a)(1) .............................................................................................................................6
   §78u-4(a)(3)(A)(i) ....................................................................................................................6
   §78u-4(a)(3)(B) ........................................................................................................................1
   §78u-4(a)(3)(B)(i) ................................................................................................................2, 6
   §78u-4(a)(3)(B)(ii) ...............................................................................................................1, 2
   §78u-4(a)(3)(B)(iii) ..............................................................................................................2, 7
   §78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................................8
   §78u-4(a)(3)(B)(iii)(II)(aa) ......................................................................................................9
   §78u-4(a)(3)(B)(v) ...............................................................................................................2, 9

Federal Rules of Civil Procedure
   Rule 23 .................................................................................................................................7, 8
   Rule 42(a)..............................................................................................................................1, 5

TIAA-CREF, respectfully submits this memorandum of law in support of its motion for consolidation, appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and approval of its selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the class.[1]

## I. INTRODUCTION

Seven putative class action lawsuits are pending in this District on behalf of acquirers of American Realty Capital Properties, Inc. ("American Realty," "ARCP" or the "Company") securities during the Class Period (May 6, 2013 through November 8, 2014) seeking to pursue remedies under the federal securities laws against the Company, its former senior executive officers and directors.[2] The PSLRA provides that district courts are to resolve consolidation of securities class actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); §III.A., *infra.*

---

[1] "TIAA-CREF" collectively refers to Teachers Insurance and Annuity Association of America ("TIAA"), College Retirement Equities Fund ("CREF"), TIAA-CREF Equity Index Fund, TIAA-CREF Real Estate Securities Fund, TIAA-CREF Large Cap Value Index Fund, TIAA-CREF Small Cap Blend Index Fund, TIAA-CREF Life Real Estate Securities Fund, and TIAA-CREF Life Equity Index Fund.

[2] The Related Actions are: *Ciraulu v. American Realty Capital Properties, Inc.*, No. 14-CV-08659 (filed 10/30/14); *Priever v. American Realty Capital Properties Inc.*, No. 14-CV-08668 (filed 10/30/14); *Rubinstein v. American Realty Capital Properties, Inc.*, No. 14-CV-08669 (filed 10/30/14); *Patton v. American Realty Capital Properties, Inc.*, No. 14-CV-08671 (filed 10/30/14); *Edwards v. American Realty Capital Properties, Inc.*, No. 14-CV-08721 (filed 10/31/14); *Harris v. American Realty Capital Properties Inc.*, No. 14-CV-08740 (filed 11/3/14); and *Abadi v. American Realty Capital Properties Inc.*, No. 14-CV-09006 (filed 11/12/14). Each of the actions assert violations of the Securities Exchange Act of 1934 ("1934 Act") and/or the Securities Act of 1933 ("1933 Act"). The PSLRA amended the 1933 Act and 1934 Act by adding virtually identical lead plaintiff provisions. *Compare* 15 U.S.C. §77z-1(a)(3)(B) *with* 15 U.S.C. §78u-4(a)(3)(B). For simplicity, only the 1934 Act is cited herein. All emphasis is added and all citations are omitted unless otherwise noted.

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). TIAA-CREF should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation of any person or group of persons of which it is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, TIAA-CREF's selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

American Realty is a real estate investment trust ("REIT") that owns and acquires single-tenant, freestanding commercial real estate, primarily retail and office properties, subject to medium-term net leases with credit quality tenants. At the time of its IPO in 2011, American Realty was a relatively modest-sized entity, with approximately $132 million in assets at year-end 2011. Within three years, through a series of complicated and, in several cases opaque, related-party transactions, the Company grew into a $20 billion behemoth, touting itself as the largest publicly traded net lease REIT in the nation.

The Complaints filed in the Related Actions allege that defendants issued materially false and misleading statements during the Class Period regarding the Company's financial results. Specifically, the Company failed to properly report its adjusted funds from operations ("AFFO"), a common measure of REIT performance that reflects its net income, including write-downs, depreciation, and amortization, but not including profits or losses from the sale of property. As a result, the Company has now confirmed that it overstated AFFO by tens of millions of dollars for the

fiscal periods ended March 31, 2014 and June 30, 2014. In addition, the Company has acknowledged that it lacked adequate internal controls and procedures over financial reporting and disclosures.

Before the market opened on October 29, 2014, American Realty announced that its AFFO had been ***intentionally overstated*** during the first two quarters of 2014 and, that the Company's Form 10-K for its fiscal year ended December 31, 2013 and its Forms 10-Q for the first and second quarters of 2014 ***should no longer be relied upon***. The Company's press release stated, in part:

> "The accounting issues are unacceptable and we are taking the personnel and other actions necessary to ensure that this does not happen again. As disappointed as I am, I do not believe that this impairs, in any meaningful way, what is important about our Company – the high quality and diversification of our real estate assets, the depth and strength of our management team, the strong and predictable cash flows from our leases, the strength of our balance sheet and the size of our market opportunity," said David S. Kay, Chief Executive Officer of ARCP.

\* \* \*

> The Audit Committee's investigation conducted to date has not uncovered any errors in the consolidated financial statements (prepared in accordance with U.S. GAAP) for the three months ended March 31, 2014. However, based on the preliminary findings of the investigation, the Audit Committee believes that the Company incorrectly included certain amounts related to its non-controlling interests in the calculation of adjusted funds from operations ("AFFO"), a non-U.S. GAAP financial measure, for the three months ended March 31, 2014 and, as a result, overstated AFFO for this period. ***The Audit Committee believes that this error was identified but intentionally not corrected, and other AFFO and financial statement errors were intentionally made, resulting in an overstatement of AFFO and an understatement of the Company's net loss for the three and six months ended June 30, 2014***.

\* \* \*

> The Audit Committee has indicated that nothing has come to its attention that leads it to believe that there are any errors in the Company's previously issued audited consolidated financial statements for the fiscal year ended December 31, 2013 contained in the Company's 2013 Form 10-K. However, the Audit Committee has expanded its investigation to encompass the Company's audited financial statements for this period in light of the fact that the Company's former Chief Financial Officer and former Chief Accounting Officer had key roles in the preparation of those financial statements.

* * *

In light of the preliminary findings of the Audit Committee's investigation, the Company is re-evaluating its financial reporting controls and procedures. The Company intends to make the necessary changes to its controls and procedures to remediate any control deficiencies that are identified through the Audit Committee's investigation.

The Company will work with the Audit Committee and the Audit Committee's independent advisors to determine the adjustments required to be made to the Company's previously issued financial statements, including the calculation of AFFO, as expeditiously as possible. Upon completion of this process, which could identify further required adjustments in addition to those discussed above, ***the Company will restate prior financial statements and amend its prior periodic filings to the extent required and update its earnings guidance at that time***.

The price of ARCP's stock dropped nearly 30% on very heavy volume of more than 230 million shares in response to this announcement. Thereafter, the Chairman (Nicholas Schorsch), Chief Executive Officer (David Kay), Chief Operating Officer (Lisa Beeson), Chief Financial Officer (Brian Block) and Chief Accounting Officer (Lisa McAlister) have all resigned – an unprecedented occurrence.[3] Mr. Schorsch also resigned from the boards of several nontraded REITs managed by Cole Capital Advisors Inc., an affiliate of American Realty Capital Properties.

The Federal Bureau of Investigation and the U.S. Attorney for the Southern District of New York have launched criminal investigations.[4] Investigations have also been commenced by the Securities and Exchange Commission and various state regulators, including the Secretary of the Commonwealth of Massachusetts.[5] On November 14, 2014, ARCP announced that it would delay

---

[3] *See* Robbie Whelan, *Ex-American Realty Chair Accused of Ordering Accounting Changes; Lawsuit Alleges Nicholas Schorsch Directed Executives to Manipulate Financials*, THE WALL STREET JOURNAL (Dec. 18, 2014); Robbie Whelan, *American Realty Capital Chairman Nicholas Schorsch Resigns*, THE WALL STREET JOURNAL (Dec. 15, 2014).

[4] *See* Emily Flitter, *American Realty Capital facing criminal probe over accounting*, REUTERS (Oct. 31, 2014).

[5] *See* Robbie Whelan, Craig Karmin and Jean Eaglesham, *SEC to Open Inquiry Into American Realty Capital Properties' Accounting; Real-Estate Investment Trust Says Two Top Executives*

filing its third quarter financial reports until January 5, 2015, while external auditors conducted a review of American Realty's 2013 and 2014 financial statements. On December 18, 2014, the Company's former Chief Accounting Officer commenced an action in Supreme Court of New York acknowledging that "fraudulent accounting" had occurred at ARCP in 2013 and 2014 and that certain defendants had knowledge of those accounting improprieties.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions each assert claims on behalf of acquirers of American Realty securities during similar periods against similar defendants for alleged violations of the federal securities laws:

| COMPLAINT | DEFENDANTS | CLASS PERIOD |
| --- | --- | --- |
| *Ciraulu v. American Realty Capital Properties, Inc.*, No. 14-CV-8659 (filed 10/30/14) | American Realty Capital Properties, Inc., Nicholas S. Schorsch, David S. Kay, Brian Block, Lisa McAlister | 02/27/14-10/28/14 '34 Act claims |
| *Priever v. American Realty Capital Properties Inc.*, No. 14-CV-8668 (filed 10/30/14) | American Realty Capital Properties, Inc., Lisa P. McAlister, Brian S. Block | 05/08/14-10/28/14 and in 05/21/14 offering '34 Act claims |
| *Rubinstein v. American Realty Capital Properties, Inc.*, No. 14-CV-8669 (filed 10/30/14) | American Realty Capital Properties, Inc., Brian S. Block, Lisa P. McAlister, Nicholas S. Schorsch | 05/06/13-10/29/14 '34 Act claims |
| *Patton v. American Realty Capital* | American Realty Capital Properties, Inc., Nicholas S. Schorsch, David S. Kay, | 02/27/14-10/29/14 '34 Act claims |

*Resigned, Financial Statements Can't Be Relied On*, THE WALL STREET JOURNAL (Oct. 29, 2014); Bruce Kelly, *Massachusetts regulator Galvin investigating Schorsch B-D*, INVESTMENTNEWS (Nov. 7, 2014).

| COMPLAINT | DEFENDANTS | CLASS PERIOD |
|---|---|---|
| *Properties, Inc.*, No. 14-CV-8671 (filed 10/30/14) | Brian Block, Lisa P. McAlister | |
| *Edwards v. American Realty Capital Properties, Inc.*, No. 14-CV-8721 (filed 10/31/14) | same | 02/27/14-10/28/14<br><br>'34 Act claims |
| *Harris v. American Realty Capital Properties Inc.*, No. 14-CV-08740 (filed 11/3/14) | same | same |
| *Abadi v. American Realty Capital Properties Inc.*, No. 14-9006 (filed 11/12/14) | American Realty Capital Properties, Inc., Nicholas S. Schorsch, David S. Kay, Peter M. Budko, Brian S. Block, Lisa E. Beeson, William M. Kahane, Edward M. Weil, Jr., Leslie D. Michelson, Edward G. Rendell, Scott J. Bowman | persons who exchanged shares of Cole Real Estate Investments, Inc. for shares of ARCP pursuant to 12/23/13 registration statement/proxy<br><br>'33 Act claims |

The factual allegations, class periods, defendants and claims are substantially similar. Accordingly, the Related Actions should be consolidated. *See generally In re Elan Corp. Sec. Litig.*, 2009 U.S. Dist. LEXIS 39859, at *2 (S.D.N.Y. May 8, 2009) (Hellerstein, J.) (noting that securities cases had been consolidated in lead plaintiff decision).

### B. TIAA-CREF Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 or 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-

4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Elan*, 2009 U.S. Dist. LEXIS 39859, at *2-*3. TIAA-CREF meets these requirements and should therefore be appointed as Lead Plaintiff.

### 1. TIAA-CREF's Motion Is Timely

The notice published in this action on October 30, 2014, advised class members of: (1) the pendency of the first-filed action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication, or by December 29, 2014. *See* Declaration of Samuel H. Rudman in Support of TIAA-CREF's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rudman Decl."), Ex. 1.[6] Because TIAA-CREF's motion is being filed on December 29th, it is entitled to be considered for appointment as lead plaintiff.

### 2. TIAA-CREF Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, TIAA-CREF acquired more than 9 million shares of American Realty stock valued at more than $128 million, and suffered losses in excess of $31.5 million as a result of defendants' alleged misconduct. *See* Rudman Decl., Exs. 3, 4. To the best of TIAA-CREF's knowledge, there is no other class member with a larger financial interest that seeks to serve

---

[6] A similar notice was published on December 1, 2014, informing former Cole shareholders that the deadline to seek appointment as lead plaintiff was December 29, 2014. *See* Rudman Decl., Ex. 2.

as lead plaintiff in this action. Therefore, TIAA-CREF satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. TIAA-CREF Satisfies Rule 23 of the Federal Rules of Civil Procedure at This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "'[A]t this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met.'" *Elan*, 2009 U.S. Dist. LEXIS 39859, at *5. "Typicality exists where each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* at *5-*6. "In assessing adequacy, the court should consider: '(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members.'" *Id.* at *6.

Here, TIAA-CREF intends to assert claims that arise from the same events and course of conduct (American Realty's false or misleading statements concerning its financial statements) as the class's claims alleged in the Complaints. TIAA-CREF satisfies the adequacy requirements because there is no conflict between it and the members of the class, its selected counsel is qualified (as discussed in §III.C. below) and TIAA-CREF has sufficient interest in the outcome based upon the significant damages suffered as a result of defendants' purported misrepresentations.

TIAA-CREF serves as the principal retirement system for the nation's education and research communities, one of the largest retirement systems in the world based on assets under management. *See* Declaration of Jonathan Feigelson, ¶3 (Rudman Decl., Ex. 5). Based upon its substantial financial interest, TIAA-CREF is "highly motivated to obtain the maximum recovery possible for all

- 8 -

investors victimized by the wrongdoing at ARCP, including the admittedly intentional wrongdoing that occurred at ARCP." *Id.*, ¶4. TIAA-CREF intends to actively direct this litigation via its internal Law and Corporate Governance department, staffed with experienced lawyers, analysts and paralegals. *Id.*, ¶6. As further evidence of its appreciation for the seriousness of the role of lead plaintiff, before filing this Motion, TIAA-CREF negotiated the terms of a retainer and fee agreement and implemented litigation protocols for this case, including instructing "counsel that TIAA-CREF will direct all major litigation decisions throughout the course of the litigation." *Id.*, ¶7. Furthermore, TIAA-CREF "opted to employ a single lead plaintiff and single lead counsel model to avoid duplication of effort and minimize expenses which may ultimately be borne by the class." *Id.*, ¶9.

As such, TIAA-CREF satisfies the typicality and adequacy requirements at this stage.

### C. The Court Should Approve TIAA-CREF's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

TIAA-CREF selected Robbins Geller to serve as lead counsel. *See* Rudman Decl., Ex. 6. As this Court is well aware, Robbins Geller has substantial experience in the prosecution of securities class actions. *See Jones v. Pfizer, Inc.*, No. 10 Civ. 3864 (AKH), Summary Order Appointing Lead Plaintiff (S.D.N.Y. Nov. 4, 2010) (Hellerstein, J.) (approving lead plaintiff's selection of Robbins Geller as sole lead counsel in securities class action). Indeed, Robbins Geller has successfully served as lead counsel in numerous securities class actions, including *In re Enron Corp. Sec. Litig.*, No. 01-H-3624, 2005 U.S. Dist. LEXIS 41240 (S.D. Tex. Dec. 22, 2005), and many cases

prosecuted in the district courts within the Second Circuit. *See* Rudman Decl., Ex. 6. Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, TIAA-CREF's selection of Robbins Geller as lead counsel should be approved.

## IV. CONCLUSION

The Related Actions share common questions of law and fact and should be consolidated. In addition, TIAA-CREF has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, TIAA-CREF respectfully requests that the Court grant its motion for consolidation, appointment as lead plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED: December 29, 2014

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
DARREN J. ROBBINS
MICHAEL J. DOWD
JASON A. FORGE
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
miked@rgrdlaw.com
jforge@rgrdlaw.com
dmyers@rgrdlaw.com

[Proposed] Lead Counsel for
TIAA-CREF and the Class

CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 29, 2014.

          s/ Samuel H. Rudman
          SAMUEL H. RUDMAN

          ROBBINS GELLER RUDMAN
              & DOWD LLP
          58 South Service Road, Suite 200
          Melville, NY 11747
          Telephone: 631/367-7100
          631/367-1173 (fax)

          E-mail:srudman@rgrdlaw.com

992725_1

# Mailing Information for a Case 1:14-cv-08659-AKH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kevin Koon-Pon Chan**
  kchan@rosenlegal.com

- **Geoffrey Coyle Jarvis**
  gjarvis@gelaw.com,cnevers@gelaw.com,tschuster@gelaw.com,jkairis@gelaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Francis Paul McConville**
  fmcconville@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`