UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY CIRAULU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN BLOCK, and LISA MCALISTER,<br><br>Defendants. | Case No. 1:14-cv-8659-AKH<br><br>Related Case Nos.:<br><br>14-cv-8671, 14-cv-8669, 14-cv-8668, 14-cv-8721, 14-cv-9006, 14-cv-9140, 14-cv-9444, 14-cv-9672 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF MITCHELL AND BONNIE ELLIS FOR CONSOLIDATION OF
THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
<u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

# **TABLE OF CONTENTS**

Table of Authorities..................................................................................................ii

Preliminary Statement ..............................................................................................1

Statement of Facts ....................................................................................................2

Argument ..................................................................................................................3

    I.      The Actions Should Be Consolidated ..............................................................3

    II.     A Sub-Class for ARCPP Is Necessary..............................................................5

    III.    The Court Should Appoint the Ellis's as Lead Plaintiffs...................................6

          A.      The Procedure Required By the PSLRA...............................................6

                1.    The Ellis's Are Willing to Serve as Class Representative...................7

                2.    The Ellis's Have the Requisite Financial Interest in the Relief Sought By the Class ...................................................................................7

          B.      The Ellis's Satisfy the Requirements of Rule 23(A) of the Federal Rules of Civil Procedure.................................................................8

                1.    The Ellis's Claims Are Typical of the Claims of All the Class Members ......................................................................................9

                2.    The Ellis's Will Adequately Represent the Sub-Class ........................10

    IV.    The Ellis's Choice of Counsel Should Be Approved ........................................11

Conclusion ................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*Chill v. Green Tree Financial Corp.*,
   181 F.R.D. 398 (D.Minn 1998) ............................................................................... 5

*Firefighters Pension & Relief Fund v. Bulmahn*, No. 13-3935, 2013 U.S. Dist. LEXIS
   172737 (E.D. La. Dec. 6, 2013) .............................................................................. 5

*Gen. Tel. Co. v. Falcon*,
   457 U.S. 147 (1982) ............................................................................................... 10

*In re Drexel Burnham Lambert Grp.*,
   960 F.2d 285 (2d Cir. 1992) ................................................................................... 10

*In re Enron Corp. Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. Feb. 15, 2002) ............................................................... 5

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) ................................................................................. 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................... 9

*In re Oxford Health Plans, Inc. Securities Litigation*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................... 5

*In re Party City Secs. Litig*,
   189 F.R.D. 91 (D.N.J. 1999) ................................................................................... 9

*In re Razorfish, Inc. Secs. Litig.*,
   143 F. Supp. 2d 304 (S.D.N.Y. 2001) ..................................................................... 2

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ................................................................................... 4

*Miller v. Ventro Corp.*,
   No. C 01-01287 SBA, 2001 U.S. Dist. LEXIS 26027 (N.D. Cal. Nov. 28, 2001) ......... 5

*Mitchell v. Complete Mgmt., Inc.*,
   Case No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999) ............ 4

*Primavera Familienstiftung v. Askin*,
   173 F.R.D. 115 (S.D.N.Y. 1997). ............................................................................ 4

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ..................................................................................... 9

*Schulman v. Lumenis, Ltd.*,
   2003 WL 21415287 (S.D.N.Y June 18, 2003) ........................................................ 9

*Smith v. Suprema Specialties, Inc.*,
   206 F. Supp. 2d 627 (D.N.J. 2002) ......................................................................... 2

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) ............................................................................................9

*Weiss v. York Hosp.*,
   745 F.2d 786 (3d Cir. 1984) ............................................................................................ 9, 10

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................ 4, 7, 9, 10

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................... passim

15 U.S.C. § 78u-4(e) ...........................................................................................................9

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................... 10, 11, 13

Fed. R. Civ. P. 42(a) ......................................................................................................4, 5

## PRELIMINARY STATEMENT

Presently pending before the Court are multiple securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of American Realty Capital Properties, Inc. ("ARCP" or the "Company"), between May 6, 2013 and October 29, 2014, inclusive ("Class Period").[1] Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of the Company's officers.[2] The Actions involve substantially the same issues of fact and law and therefore, should be consolidated under Rule 42 of the Federal Rules of Civil Procedure.

Movants Mitchell and Bonnie Ellis (the "Ellis's" or "Movants") purchased 13,080 preferred shares of ARCP ("ARCPP") during the Class Period. In connection with these shares, the Ellis's lost approximately $117,546 as a result of the alleged fraud during the Class Period. The Ellis's respectfully submit this memorandum of law in support of their motion for (a) consolidation of the Actions, (b) appointment as Lead Plaintiffs for a Sub-Class (defined below) pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and (c) for approval of their selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel for the Sub-Class.

---

[1] The actions are entitled *Ciraulu v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8659, *Patton v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8671, *Rubenstein v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8669, *Priever v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8668, *Edwards v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8721, and *Abadi v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-9006. The *Rubenstein* Action begins the Class Period on May 6, 2013 and ends the Class Period on Oct. 29, 2014. For the purposes of this motion, Movants define the Class Period as broadly as possible and, consequently, adopt the definition set forth in the *Rubenstein* Action.

[2] The *Ciraulu* Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act as well as Rule 10b-5 promulgated thereunder.

1

The Ellis's believe that they have the largest financial interest in the outcome of the case arising from ownership of ARCPP.[3] As such, the Ellis's meet the requirements of the PSLRA for appointment as Lead Plaintiffs of a Sub-Class of all ARCPP shareholders. Moreover, the Ellis's satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the Sub-Class, and they will fairly and adequately represent the interests of the Sub-Class.[4]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and have made a *prima facie* showing that they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). The Ellis's satisfy both requirements.

## STATEMENT OF FACTS

ARCP is a real estate investment trust. Compl. ¶ 19.[5] Defendant Nicholas S. Schorsch is the Company's Chairman and, until September 30, 2014, was the Company's Chief Executive Officer. ¶ 14. Defendant David S. Kay served as the Company's President from December 2013

---

[3] The certifications of the Ellis's identifying their transactions in ARCPP shares, as required by the PSLRA, as well as a chart identifying his losses are attached to the declaration of Adam M. Apton ("Apton Decl."), dated December 29, 2014 as Exhibits A and B, respectively.

[4] The "Sub-Class" is comprised of all persons who purchased or otherwise acquired ARCP's preferred common stock during the Class Period. Excluded from the Sub-Class are all Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶ __" are to paragraphs of the Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the *Ciraulu* Action. The facts set forth in the Complaint are incorporated herein by reference.

through September 30, 2014, and, from October 1, 2014 to the present, has served as the Company's Chief Executive Officer. ¶ 15. Defendant Brian Block has served as the Company's Chief Financial Officer until his resignation on October 29, 2014. ¶ 16. Defendant Lisa McAlister has served at all relevant times as the Company's Chief Accounting Officer until her resignation on October 29, 2014. ¶ 17.

On October 29, 2014, the Company issued a press release and corresponding Form 8-K filed with the Securities and Exchange Commission announcing that certain of its previously issued financial statements contained material errors and should no longer be relied upon. ¶ 33. Further, the Company announced the resignation of its then-serving Chief Financial Officer and Chief Accounting Officer over reports of intentional manipulation of the Company's financial data. ¶ 33. Specifically, the Company announced that the Audit Committee of the Company's Board of Directors determined that the Company intentionally failed to correct "adjusted funds from operations." ¶ 33.

As a result of this news, ARCP's stock declined over $4.53 per share, or approximately 35%, on extremely heavy volume. ¶ 35. ARCPP declined from $23.53 per share to $20.91 per share (over 11%) on heavy trading volume between October 28, 2014 and November 3, 2014.

**ARGUMENT**

I.  **THE ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

3

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Actions now pending in this District.

## II.     A SUB-CLASS FOR ARCPP IS NECESSARY

ARCP's Series F Preferred Stock, or ARCPP, is traded openly on the NASDAQ stock market under the ticker "ARCPP". ARCPP was created in connection with the merger between ARCP and American Realty Capital Trust IV, Inc. Over 42 million shares of ARCPP exist with a current market capitalization of just under $950 million. Many public investors, such as the Ellis's, purchased ARCPP as a more stable, reliable means of investing in the Company. For example, for the six month period prior to the end of the Class Period, ARCPP shares traded steadily between 0-5% while ARCP shares declined as low as 20%.

Sub-classes are necessary where differences between the primary class and sub-class are likely to give rise to conflicting litigation strategies. *See*, *e.g.*, *Firefighters Pension & Relief Fund v. Bulmahn*, No. 13-3935, 2013 U.S. Dist. LEXIS 172737, at *11-12 (E.D. La. Dec. 6, 2013) (creating subclass for varying class period); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 444 (S.D. Tex. Feb. 15, 2002) ("the Court is required to insure that independent classes with conflicts are protected by subdivision and separate representation"); *Miller v. Ventro Corp.*, No. C 01-01287 SBA, 2001 U.S. Dist. LEXIS 26027, at *38 (N.D. Cal. Nov. 28, 2001) (appointing co-lead plaintiff for both stockholders and bondholders); *In re Oxford Health Plans, Inc. Securities Litigation*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998) (class interests best served by appointing three co-lead plaintiffs); *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 405-406 (D.Minn 1998) (claimants asserting theories based on common stock and options entitled to separate litigations). Separate representation for the Sub-Class is warranted in this matter due to the differences in litigation strategy, which will include conflicting focus over price impact, market volatility, and trading volume, among other issues.

## III. THE COURT SHOULD APPOINT THE ELLIS'S AS LEAD PLAINTIFFS

### A. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of

6

adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, the Ellis's satisfy the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, the Ellis's are entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiffs in the Actions.

### 1. The Ellis's are Willing to Serve as Class Representative

On October 30, 2014, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against ARCP and which advised putative class members that they had until December 29, 2014 to file a motion to seek appointment as a lead plaintiff in the action.[6] The Ellis's have reviewed the complaints filed in the pending Actions and have timely filed their motion pursuant to the Notice.

### 2. The Ellis's have the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, the Ellis's have the largest known financial interest in the relief sought by the Sub-Class. *See* Apton Decl., Ex. B. The movant who with the largest financial interest and meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff. *See Weltz,* 199 F.R.D. at 132.

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day

---

[6] The *Ciraulu* Action was filed in this Court on October 30, 2014. Also, on October 30, 2014, the Notice was published over *GlobeNewswire,* a widely circulated national business oriented wire service. *See* Apton Decl., Ex. C.

7

period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, the Ellis's purchased ARCPP in reliance upon the materially false and misleading statements issued by the defendants, and were injured thereby. The Ellis's suffered a substantial loss of approximately $117,546. *See* Apton Decl., Ex. B. The Ellis's thus have a significant financial interest in the outcome of this case. To the best of their knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff on behalf of the Sub-Class that has a larger financial interest and also satisfies Rule 23.

### B. The Ellis's Satisfy the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Weinberg v. Atlas Air Worldwide Holdings,*

*Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz,* 199 F.R.D. at 133 (considering only typicality and adequacy on a motion as lead plaintiff); *see also In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a) (3)-(4). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Weinberg,* 216 F.R.D. at 252. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiffs moves for class certification. *See id.*; *Weltz,* 199 F.R.D. at 133; *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, the Ellis's satisfy both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying their appointment as Lead Plaintiffs.

### 1. The Ellis's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The Ellis's plainly meet the typicality requirement of Rule 23 because (i) they suffered the same injuries as the absent class members; (ii) they suffered as a result of the same course of conduct by defendants; and (iii) their claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also Milestone Scientific,* 183 F.R.D. at 414-415. Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality.

9

*See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because the Ellis's claims are identical to, and neither compete nor conflict with the claims of the other Class or Sub-Class members. The Ellis's, like the other members of the Sub-Class, acquired ARCPP during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the Sub-Class because the Ellis's suffered losses similar to those of other Class members and their losses result from Defendants' common course of wrongful conduct. Accordingly, the Ellis's satisfy the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### 2. The Ellis's Will Adequately Represent the Sub-Class

Moreover, the Ellis's are adequate representatives for the Sub-Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Sub-Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Sub-Class. 15 U.S.C. §78u-4(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

The Ellis's interests are clearly aligned with those of the other members of the Sub-Class. Not only is there no evidence of antagonism between the Ellis's interests and those of the Sub-Class, but the Ellis's have a significant and compelling interest in prosecuting the Actions based on the large financial losses they have suffered as a result of the wrongful conduct alleged in the

Actions. This motivation, combined with Ellis's identical interest with the members of the Class, demonstrates that the Ellis's will vigorously pursue the interests of the Class. In addition, the Ellis's have retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, the Ellis's will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, the Ellis's have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because the Ellis's have sustained the largest amount of losses from Defendants' alleged wrongdoing, they are, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

## IV.  THE ELLIS'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Ellis's have selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* Apton Decl. Ex. D (the firm resume of Levi & Korsinsky).

## CONCLUSION

For the foregoing reasons, the Ellis's respectfully request that this Court: (1) consolidate the Actions; (2) appoint the Ellis's as Lead Plaintiffs for the Class in the Action; and (3) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: December 29, 2014						Respectfully submitted,

**LEVI & KORSINSKY LLP**

/s/ Adam M. Apton
Nicholas I. Porritt
Adam M. Apton
30 Broad Street
24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (866) 367-6510

*Counsel for Movants-Proposed Lead Plaintiffs
Mitchell and Bonnie Ellis*