## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY CIRAULU, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 1:14-cv-08659-AKH ) |
| vs. | ) ) ) |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN BLOCK and LISA MCALISTER, | ) ) ) ) ) |
| Defendants. | ) ) |

[Caption continues below]


**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE HWM GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF PURSUANT TO §21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| BERNARD PRIEVER, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 1:14-cv-08668-AKH |
| vs. | ) ) ) |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., LISA P. MCALISTER, and BRIAN S. BLOCK, | ) ) ) ) |
| Defendants. | ) ) |
| STUART RUBINSTEIN, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 1:14-cv-8669-AKH |
| vs. | ) ) ) |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., BRIAN S. BLOCK, LISA MCALISTER and NICHOLAS S. SCHORSCH, | ) ) ) ) |
| Defendants. | ) ) ) |
| JAMES W. EDWARDS, JR., Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:14-cv-08721-AKH ) |
| vs. | ) ) ) |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN S. BLOCK and LISA PAVELKA MCALISTER, | ) ) ) ) ) |
| Defendants. | ) ) ) |

|  |  |
| --- | --- |
| BERNEY HARRIS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, BRIAN S. BLOCK, DAVID S. KAY and LISA MCALISTER, | ) ) ) |
|  | ) |
| Defendants. | ) ) |

Case No. 1:14-cv-08740-AKH

## I. INTRODUCTION

Presently pending in this district are at least five securities fraud class actions (the "Actions"), captioned above, brought against American Realty Capital Properties, Inc. ("ARCP" or the "Company") and certain of its officers and directors pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

Movants Elder Benton, Donna Berkeley, Colleen Branch, Robert Breault, Elizabeth Carella, Joanne Cerasco, Eva Coira, Gardner Conley, Joanne DeMarco, Roberta Dunn, Frank Horton, Frank Kukura, Rosemary Levine, Frances Longo, Carol Mangiarelli, Josefina Morin, Robert Potter, Louis Proulx, Sandra Rizzo, Gina Rosa, Vincent Serratore, Janet Sorse, Temple Beth Shalom, Trinity Episcopal Church, Peter Troy, Alberta Verrengia and Edward Yee (the "HWM Group" or "Movant"), who are each clients of registered investment group Heritage Wealth Management, Inc., collectively purchased 45,115 shares of ARCP common stock and suffered estimated losses[1] of $205,512 as a result of Movant's transactions in ARCP's publicly traded securities. Movants Movant respectfully submits this memorandum of law in support of its motion for: (i) consolidation of all related actions for all purposes pursuant to Rule 42 of the Federal Rules of Civil Procedure ("F.R.C.P."); (ii) appointment of Movant as lead plaintiff, pursuant to Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, in the Action on behalf of purchasers of

---

[1] The losses suffered by the Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D and, based upon information concerning the current market for the Company's common stock. *See* Declaration of Jason D'Agnenica ("D'Agnenica Decl."), December 29, 2014, Exhibit C.

ARCP's publicly traded securities; and (iii) approval of Movant's selection of lead counsel.

## II. PROCEDURAL BACKGROUND

On or about October 30, 2014, plaintiff in the above-captioned action *Ciraulu v. American Realty Capital Properties, Inc., et al.,* Case No. 1:14-cv-08659-AKH, filed a complaint on behalf of a proposed class consisting of all persons other than defendants who purchased or otherwise acquired ARCP securities between February 27, 2014 and October 28, 2014, inclusive, seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials. Pursuant to 15 U.S.C. §78u-4(a) (3) (A) (i), on October 30, 2014, notice of pendency of the action was published over a widely-available, national business-oriented wire service, *Globe Newswire*, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the date of publication of the notice, *i.e.*, by December 29, 2014. *See* D'Agnenica Decl., Ex. A. This motion is filed within the 60-day period following publication of the October 30, 2014 notice given by plaintiff therein.

## III. SUMMARY OF THE ACTION

Defendant ARCP is a Maryland corporation with its principal executive offices located in this District. ARCP is an umbrella partnership real estate investment trust (or "UPREIT") whose common stock is listed and actively traded on the NASDAQ. ¶ 7.[2] The Complaint alleges that throughout the relevant period, defendants failed to disclose material adverse facts about the

---

[2] References taking the form "¶__" refer to paragraphs of the complaint filed in the above-captioned action *Harris v. American Realty Capital Properties, Inc.,* Case No. 1:14-cv-08740-AKH (filed Nov. 3, 2014).

Company's financial well-being and prospects. Specifically, defendants failed to disclose or indicate the following: (1) income and adjusted funds from operations ("AFFO") recognized during affected fiscal periods should not have been recognized or should not have been recognized during the period in which it was recognized; (2) the Company's previously issued consolidated financial statements for the affected periods should not be relied upon; (3) the Company's financial statements for the affected periods were materially false and misleading and violated Generally Accepting Accounting Principles and/or ARCP's publicly disclosed policy of revenue recognition; (4) the Company's financial statements and SEC filings on Forms 10-K and 10-Q for the affected periods failed to disclose then presently known trends, events or uncertainties associated with the Company's revenues that were reasonably likely to have a material effect on ARCP's future operating results; (5) the Company's disclosure controls and financial reporting procedures were materially deficient and its representations concerning them were materially false and misleading; and (6) Defendants lacked a reasonable basis for their positive statements about the Company's financial performance and outlook during the relevant period. ¶ 35.

On October 29, 2007, the Company shocked investors when it disclosed that its Audit Committee determined that certain of the Company's publicly filed financial statements should no longer be relied upon, including: the Company's Annual Report on Form 10-K for the fiscal year ended December 31, 2014, and Quarterly Reports on Form 10-Q for the periods ending March 31, 2014 and June 30, 2013. ¶ 36. The Company reported that it identified potential necessary restatement of its previously issued financial statements including a reduction of $11,974,000 for adjusted funds from operations ("AFFO") for the first quarter 2014, and a reduction of $10,869,000 for non-controlling interest on a gross basis for the second quarter

2014. ¶ 36. Additionally, the Company has reported that certain of the accounting errors were intentionally made and/or intentionally not corrected, resulting in overstatement of the Company's AFFO and understatement of the Company's net loss for the first and second quarters of 2014. ¶ 38.

On this news, the price of ARCP shares declined from $12.37 per share prior to the announcements, to $7.97 per share, representing a decline of 35%, to close on October 29, 2014 at $10.00 per share, representing a decline of 19%, on unusually heavy trading volume. ¶ 41.

## IV. ARGUMENT

### A. The Actions Should Be Consolidated

The above-captioned actions involve class action securities law claims on behalf of purchasers of ARCP's publicly traded securities and assert essentially similar and overlapping class claims for relief on behalf of purchasers of ARCP securities. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). That test is met here and the Actions should be consolidated.

### B. The Proposed Lead Plaintiff Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4 (a) (3) (A) (i). Notice of pendency of the action was

published over *Globe Newswire* on October 30, 2014. *See* D'Agnenica Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a) (3) (A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4 (a) (3) (B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a) (3) (B) (iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. The Proposed Lead Plaintiff Satisfies The "Lead Plaintiff" Requirements of the PSLRA

5

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4 (a) (3) (A) and (B) expires on December 29, 2014. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on October 30, 2014), the HWM Group herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the proposed class.

The HWM Group members have duly signed and filed certifications stating that they have reviewed the complaint filed in the action and are willing to serve as a representative party on behalf of the Class. *See* D'Agnenica Decl., Exh. B. In addition, Movant has submitted a declaration of a founder and senior managing director of Heritage Wealth Management, Inc., who is also a member of the HWM Group, attesting that he and/or Heritage "have full and complete discretion and authority to manage the securities of its clients, including the authority to purchase and sell securities, including as to the members of the HWM Group." *See* D'Agnenica Decl., Exh. D (Declaration of Vincent Serratore). That declaration further attests that "[t]he HWM Group is comprised of certain clients or officers of Heritage Wealth Management, Inc. who purchased or acquired shares of ARCP securities at my discretion and at that of Heritage Wealth Management, Inc.," and that "I and the other members of the HWM Group jointly seek representation for our claims against ARCP and other defendants, having jointly decided how to proceed with those claims," and, "I am generally familiar with the other members of the WHWM Group, having known many of them for years" *See* D'Agnenica Decl., Exh. D. In addition, Movant has selected and retained experienced and competent counsel to represent Movant and the class. *See* D'Agnenica Decl., Exh. D.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4 (a)

6

(3) (B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of counsel, as set forth herein, considered and approved by the Court.

### 3. The Proposed Lead Plaintiff Has A Significant Financial Interest In The Relief Sought By The Class

According to 15 U.S.C. § 21(a) (3) (B) (iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. As evidenced by the accompanying signed certifications, the members of the HWM Group collectively purchased 45,115 shares of the Company's common stock and suffered estimated losses of $205,512 as a result of defendants' misconduct. *See* D'Agnenica Decl., Ex. C. As a result, Movant herein has a significant financial interest in this case. In addition, the appointment of a group of individual investors as co-lead plaintiff with an institutional investor would provide the advantage to the class of a wide representative perspective. *See In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (Brieant, J.) ("Allowing for diverse representation, including in this case a state pension fund, significant individual investors and a large institutional investor, ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be destroyed by the differing aims of differently situated claims.").

### 4. The Proposed Lead Plaintiff Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - - typicality and adequacy - - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Lax v. First Merchants*, 1997 U.S. Dist. LEXIS 11866 at *20; *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997).

The Proposed Lead Plaintiff satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying appointment as lead plaintiff. Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See In re Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dept. Of Housing Preservation and Development*, 141 F.R.D. 229, 238 (2d Cir. 1992). *See also Avagliano v. Sumitomo Shoji America, Inc.*, 103 F.R.D 562, 582 (S.D.N.Y. 1984).

The Proposed Lead Plaintiff seeks to represent a class of purchasers of the Company's publicly traded securities who have identical, non-competing and non-conflicting interests. The Proposed Lead Plaintiff satisfies the typicality requirement, since it: (i) purchased the Company's common stock; (ii) at market prices allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Proposed Lead Plaintiff arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Walsh v. Northrop Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Garfinkel v. Memory Metals, Inc.*, 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, the Proposed Lead Plaintiff is an adequate representative of the class. As evidenced by the injury suffered by Movant, whose members purchased the Company's common stock at prices allegedly artificially inflated by defendants' violations of the federal securities laws, the interests of the Proposed Lead Plaintiff are clearly aligned with the class members, and

there is no evidence of antagonism between Movant's interests and those of the other members of the class. In addition, as demonstrated below, Movant's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in the highest professional manner. Thus, Movant *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23.

## C. The Court Should Approve Movant's Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4 (a) (3) (B) (v), proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class lead plaintiff seeks to represent. In that regard, Movant has selected the law firm of Stull, Stull & Brody to serve as Lead Counsel. Stull, Stull & Brody is a firm with extensive experience in successfully prosecuting shareholder and securities class actions and has frequently appeared in major actions in this and other courts. *See* D'Agnenica Decl., Exh. E.

## V. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) consolidate all related actions; (ii) appoint Movant as lead plaintiff in the action; and (iii) approve Movant's selection of lead counsel as set forth herein.

Dated: December 29, 2014  Respectfully submitted,

By: s/ Jason D'Agnenica
**STULL, STULL & BRODY**
Howard T. Longman
Jason D'Agnenica
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022
hlongman@ssbny.com
jasondag@ssbny.com