**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PERRY CIRAULU et al., individually and on behalf all others similarly situated,<br><br>                Plaintiffs,<br><br>            v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,<br><br>                Defendants. | 1:14-cv-8659 |
| BERNARD PRIEVER et al., individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>            v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,<br><br>                Defendants. | 1:14-cv-8668 |
| STUART RUBINSTEIN et al., individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>            v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,<br><br>                Defendants. | 1:14-cv-8669 |

| | |
|---|---|
| KEVIN PATTON et al., individually and on behalf of all others similarly situated, | 1:14-cv-8671 |
| Plaintiffs, | |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | |
| Defendants. | |
| JAMES EDWARDS et al., individually and on behalf of all others similarly situated, | 1:14-cv-8721 |
| Plaintiffs, | |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | |
| Defendants. | |
| BERNEY HARRIS et al., individually and on behalf of all others similarly situated, | 1:14-cv-8740 |
| Plaintiffs, | |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | |
| Defendants. | |

| | |
|---|---|
| SIMON ABADI et al., individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>               v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., et al.,<br><br>                        Defendants. | 1:14-cv-9006 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR CONSOLIDATION OF SECURITIES CLASS ACTIONS, APPOINTMENT OF THE CORSAIR FUNDS AS <u>LEAD PLAINTIFF, AND APPOINTMENT OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND FACTS ......................................................................................2

     A.    Movant ...................................................................................................2

     B.    Facts Underlying the Claims...................................................................3

     C.    The Pending Actions ..............................................................................4

III.   ARGUMENT ......................................................................................................7

     A.    The Related Actions Should Be Consolidated........................................7

     B.    Movant Should Be Appointed As Lead Plaintiff....................................9

          1.    The Procedure Required By The PSLRA ...................................9

          2.    Movant Satisfies The Lead Plaintiff Requirements Of The PSLRA .........11

              a.    Movant Has Complied with the PSLRA.......................11

              b.    Movant Has The Largest Financial Interest In The Relief Sought ........................................................11

              c.    Movant Satisfies The Relevant Rule 23 Requirements ...............12

     C.    The Court Should Approve Movant's Choice of Counsel...................15

IV.   CONCLUSION.................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>CASES:</u>

*Christiansen v. Immelt* (*In re GE Secs. Litig.*),
   No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) .......... 8

*Freudenberg v. E\*Trade Fin. Corp.*,
   2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008) ........................................ 8-9, 12

*Gristede's Foods, Inc. v. Poospatuck Nation*,
   2009 U.S. Dist. LEXIS 100158 (S.D.N.Y. Oct. 27, 2009) ...................................... 7

*Herrgott v. U.S. Dist. Court for the N. Dist. of Cal.* (*In re Cavanaugh*),
   306 F.3d 726 (9th Cir. 2002) .......................................................................... 11

*In re Facebook, Inc.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) ...................................................................... 14

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................ 8, 11, 14

*In re Host Am. Corp. Secs. Litig.*,
   236 F.R.D. 102 (S.D.N.Y. 2006) ...................................................................... 4

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................ 11

*In re Tronox, Inc.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ...................................................................... 4

*In re Winstar Communs. Secs. Litig.*,
   290 F.R.D. 437 (S.D.N.Y. 2013) ...................................................................... 8

*Lax v. First Merch. Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ............................ 11

*Mezansky v. Flextronics Int'l, Ltd.*,
   No. 02 Civ. 4497, 2002 U.S. Dist. LEXIS 1789 (S.D.N.Y. Sept. 24, 2002) .......... 7

*Pinkowitz v. Elan Corp., PLC*,
   02 Civ. 0865, 2002 U.S. Dist. LEXIS 14593 (S.D.N.Y. July 29, 2009) ............... 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .................................................................... 13

*Reimer v. Ambac Fin. Group*, No.
   08 Civ. 411, 2008 WL 2073931 (S.D.N.Y. May 9, 2008) .............................. 12

*Rossini v. Ogilvy & Mather, Inc.*,
   798 F.2d 590 (2d Cir. 1986) ........................................................................ 13

*Seidel v. Noah Educ. Holdings Ltd.*,
   2009 U.S. Dist. LEXIS 25949 (S.D.N.Y. Mar. 9, 2009) ........................................... 7-9, 13

**STATUTES, RULES & REGULATIONS:**

15 U.S.C. § 77 .......................................................................................................... Passim

15 U.S.C. § 78.......................................................................................................... Passim

Fed. R. Civ. P. 42(a) ............................................................................................... 1, 15

Fed. R. Civ. P. 23................................................................................................... Passim

Movants Corsair Select 100 L.P., Corsair Select MF Ltd., Corsair Capital Partners L.P., Corsair Select L.P., Corsair Capital Partners 100 L.P., and Corsair Capital Investors, Ltd. (collectively hereinafter "Corsair" or the "Movant")[1], by their undersigned attorneys, respectfully submit this memorandum pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i), for entry of an order: (1) consolidating all related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Movant as Lead Plaintiff in the consolidated action and any subsequently filed cases; and (3) approving Movant's selection of Lowey Dannenberg Cohen & Hart, P.C. as Lead Counsel.

## INTRODUCTION

The above-captioned cases have been commenced against defendants American Realty Capital Properties, Inc. ("ARCP"), and its senior executives Nicholas S. Schorsch ("Schorsch"), David S. Kay ("Kay"), Brian Block ("Block"), Lisa McAlister ("McAlister") and others (collectively, the "Defendants") for violations of the federal securities laws. Each of the cases arises from the same operative facts, namely, that the Company issued materially false and misleading statements regarding ARCP's financial results during the Class Period, defined herein. The complaints allege that ARCP intentionally overstated its adjusted funds from operations ("AFFO") and understated its net losses during the Class Period. As such, the cases are well-suited for consolidation under Fed. R. Civ. P. 42(a).

---

[1] Corsair is comprised of a group of private individual funds: Corsair Select 100 LP; Corsair Select MF Limited; Corsair Capital Partners LP; Corsair Select LP; Corsair Capital Partners 100 LP; and Corsair Capital Investors Limited. Each of these funds operates under the common discretion of Corsair Capital Management, L.P., which makes decisions for the Corsair funds.

During the Class Period alleged in the Complaints, Movant purchased over 4 million shares of ARCP common stock, and as a result suffered $19,845,026 in losses. *See* Declaration of Barbara J. Hart, dated December 29, 2014 ("Hart Decl."), Ex. 2. Movant believes that it sustained the largest loss of any qualified investor seeking to be appointed lead plaintiff for the proposed class. Movant is familiar with the applicable provisions governing the appointment of lead plaintiff in securities class actions, understand their responsibilities to the class, and are willing and able to oversee the prosecution of this action. Further, Movant will ensure that the litigation is conducted in the best interests of the members of the class and is not subject to any unique defenses that would render them incapable of adequately representing the class.[2]

Therefore, Movant respectfully requests that the Court grant its motion for consolidation of the cases, appointment as Lead Plaintiff, and approval of their selection of Lowey Dannenberg Cohen & Hart, P.C. as Lead Counsel.

## BACKGROUND FACTS

### A.     Movant

Movant Corsair purchased approximately $56 million in ARCP securities during the Class Period. *See* Hart Decl., Ex. 2. These shares were bought on the open market, in ARCP's May 2014 offering, and received in connection with the merger of ARCP with Cole Real Estate Investments, Inc. (NYSE: COLE), which closed on February 7, 2014.

---

[2] The Southern District has recognized that "courts *routinely* appoint hedge funds" under common management as lead plaintiffs. In re Tronox, Inc., 262 F.R.D. 338, 347 (S.D.N.Y. 2009) (emphasis added). See In re Host Am. Corp. Secs. Litig., 236 F.R.D. 102, 108 (S.D.N.Y. 2006) ("hedge funds have been selected as lead plaintiff in [] securities fraud cases").

**B.      Facts Underlying the Claims**

ARCP is a real estate investment trust ("REIT") that specializes in acquiring, owning and operating predominantly single-tenant commercial real estate properties.  ARCP principally invests in retail and office properties through lease arrangements with its clients.  The Company is one of the largest REITs in the United States, managing almost $30 billion of high-quality real estate.

In September 2014, ARCP's Audit Committee (the "Committee") launched an internal investigation into the Company's accounting practices, in response to claims made by a whistleblower.  On October 29, 2014, ARCP announced that the Committee had concluded that the Company's prior financial statements were inaccurate and could not be relied upon.  Specifically, the Committee found that the Company overstated AFFO in its March 31 financial statement, an error which was originally "identified but intentionally not corrected."  The Company also overstated AFFO and understated net losses for the three and six months ended June 30.  According to the Committee, these errors "were intentionally made."

The Company also announced that Defendants Block and McAlister were asked to resign, and that it was reevaluating its financial reporting controls and procedures.  That same day, the *Wall Street Journal* reported that the SEC was opening an inquiry into ARCP and its former CFO and CAO over the accounting irregularities.  Following the October 29 announcement, shares of ARCP fell $2.38 to close at $9.81.

After the close of business on October 31, 2014, Reuters reported that the Federal Bureau of Investigation was investigating ARCP over its accounting errors.  Additionally, RCS Capital Corporation ("RCS Capital") announced it had terminated its agreement to buy Cole Capital Partners, LLC and Cole Capital Advisors, Inc. (collectively "Cole Capital") from ARCP for $700

million.  On the next trading day, November 3, 2014, ARCP stock further declined by $1.00 to an adjusted close at $7.70.  On December 16, 2014, ARCP reported that Defendants Schorsch, Kay and Chief Operating Officer Lisa E. Beeson also resigned from their senior executive positions.

## C.  The Pending Actions

Presently pending in this Court are the following related lawsuits: (1) *Ciraulu et al. v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8659 (S.D.N.Y.) (hereinafter, "*Ciraulu*"), (2) *Priever et al. v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8668 (S.D.N.Y.) (hereinafter "*Priever*"), (3) *Rubinstein et al. v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8669 (S.D.N.Y.) (hereinafter "*Rubinstein*"), (4) *Patton et al. v American Realty Capital Properties, Inc., et al.*, 1:14-cv-8671 (S.D.N.Y.) (hereinafter "*Patton*"), (5) *Edwards et al. v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8721 (S.D.N.Y.) (hereinafter "*Edwards*"), (6) *Harris et al. v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-8740 (S.D.N.Y.) (hereinafter "*Harris*"), and (7) *Abadi et al. v. American Realty Capital Properties, Inc., et al.*, 1:14-cv-9006 (S.D.N.Y.) (hereinafter "*Abadi*").[1]  The cases assert overlapping claims against common defendants as follows:  in *Ciraulu*, *Patton, Edwards,* and *Harris*, plaintiffs assert claims for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against defendants ARCP, Schorsch, Kay, Block, and McAlister.  In *Priever,* plaintiffs assert claims for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against defendants ARCP, McAlister and Block.  In *Rubinstein*, plaintiffs assert claims for violations of Sections 10(b) and 20(a) of

---

[1]Copies of the complaints filed in the *Ciraulu*, *Priever*, *Rubinstein*, *Patton*, *Edwards*, *Harris* and *Abadi* actions are attached as Hart Decl. Ex. 3-9, respectively.

the Exchange Act, and Rule 10b-5 promulgated thereunder, against defendants ARCP, Schorsch, Block, and McAlister.

In *Abadi*, plaintiffs assert claims for violations of Sections 11, 12(a)(2) and 15 of the Securities Act, arising from the Company's May 2014 secondary public offering. The complaint names as defendants ARCP, Schorsch, Kay, Block, Executive Vice President and Chief Investment Officer Peter M. Budko ("Budko"), and members of the Company's Board of Directors Lisa Beeson ("Beeson"), William M. Kahane ("Kahane"), Edward M. Weil, Jr. ("Weil"), Leslie D. Michelson ("Michelson"), Edward G. Rendell ("Rendell"), and Scott J. Bowman ("Bowman").

Each case arises from the same operative facts, namely that Defendants issued materially false and misleading statements regarding the Company's financial results. In particular, the Complaints allege that during the Class Period[3], ARCP consistently reported substantial growth in both total revenue and AFFO. On February 27, 2014, ARCP reported a 54.3% increase in total revenue (from $61 million to $94.1 million) for the three months ended December 31, 2013 (compared to the prior three months ending September 30, 2013), and AFFO totaling $163.9 million. Total revenues for the year were $240.5 million, up 360% from $66.8 million reported the previous year. ARCP reported in 1Q 2014 a 647.4% increase in total revenue (from $42.9 million a year ago to $320.6 million), and AFFO totaling $147.4 million. In 2Q 2014, revenues surged 595.2% (from $54.9 million a year earlier to $382 million), and AFFO increased to $205.3 million, up 39% from the prior quarter.

However, Plaintiffs contend that these results were not accurate, a fact which was ultimately exposed by the internal review conducted by the Committee. Specifically, the Committee found that:

---

[3] The Class Period extends from May 6, 2013, through and including October 29, 2014.

…the Company incorrectly included certain amounts related to its non-controlling interests in the calculation of adjusted funds from operations ("AFFO"), a non-U.S. GAAP financial measure, for the three months ended March 31, 2014 and, as a result, overstated AFFO for this period. **The Audit Committee believes that this error was identified but intentionally not corrected, and other AFFO and financial statement errors were intentionally made**, resulting in an overstatement of AFFO and an understatement of the Company's net loss for the three and six months ended June 30, 2014.  (Emphasis added).

The complaints allege that the inflated financial results inflated the market price of ARCP's common stock.  During the Class Period, there were a series of transactions in which ARCP securities were sold or exchanged at inflated prices.  On May 21, 2014, ARCP issued a secondary public offering of 138 million shares of common stock at $12 per share, which generated approximately $1.6 billion for the Company.  The Company also issued approximately $1.0 billion in convertible notes in July and December 2013, and $2.55 billion in unsecured notes in February 2014.  Further, on February 7, 2014, Cole Real Estate Investments, Inc. ("Cole") shareholders received approximately 509 million shares of ARCP stock pursuant to a $11.2 billion merger between Cole and ARCP.

ARCP shareholders suffered billions in losses as a result of the Company's fraudulent accounting practices.

## ARGUMENT

## A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides for consolidation of related actions brought under the federal securities laws.  Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed,

and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under § 21D(a)(3)(B)(I)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 78u-4(a)(3)(B)(ii) (2006).

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Accordingly, the Court should first rule on the consolidation issue, and then determine the motion for lead plaintiff. Movant submits that consolidation of the related actions in this Court is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure because they arise from the same operative facts, allege the same or similar claims under the Federal securities laws and common law on behalf of the same or similar plaintiff class against common defendants. *See, e.g., Mezansky v. Flextronics Int'l, Ltd.*, No. 02 Civ. 4497, 2002 U.S. Dist. LEXIS 17891, at *10-11 (S.D.N.Y. Sept. 24, 2002) (Whitman, K.) (approving consolidation where "the putative class members moving for consolidation each assert that the actions sought to be consolidated share both factual as well as legal issues in common"); *Gristede's Foods, Inc. v. Poospatuck (Unkechauge),* 06-cv-1260 (KAM), 2009 U.S. Dist. LEXIS 100158, at *11 (S.D.N.Y. Oct. 27, 2009) (Matsumoto, K.) ("a court can consolidate pending matters where such actions 'involve a common question of law or fact'").

To the extent there exist variations in the defendants sued, the causes of action asserted, or the class periods in the complaints filed, it is well-settled that these factors do not preclude consolidation. *See, e.g., Seidel v. Noah Educ. Holdings, Ltd.*, 08 Civ. 9509 (RJS), 2009 U.S.

Dist. LEXIS 25949 (S.D.N.Y. Mar. 9, 2009) (Sullivan, R.) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (Sweet, J.) ("Cases may be consolidated even where certain defendants are named in only one of the complaints.")); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (Sullivan, R.) ("neither the existence of additional defendants nor minor differences in facts and legal issues preclude consolidation").  Any differences among the complaints will be resolved after the Court appoints the Lead Plaintiff and it files a consolidated complaint.  *See, e.g., Christiansen v. Immelt (In re GE Secs. Litig.)*, 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) (Chin, D.) ("when [a] lead plaintiff files a consolidated complaint, all differences will be resolved while the tone and direction of the lawsuit will remain unchanged").

In addition, all actions involve similar issues regarding class certification, and will involve nearly identical discovery of the parties and of non-parties.  Accordingly, these actions should be consolidated for all purposes in the interest of judicial economy and overall efficiency. *See*, *e.g.*, *Pinkowitz v. Elan Corp., PLC*, 02 Civ. 0865, 2002 U.S. Dist. LEXIS 14593, at *12 (S.D.N.Y. Aug. 7, 2002) (Whitman, K.) ("courts have taken the view that considerations of judicial economy favor consolidation") (quoting *Johnson v. Celotex Corp.* 899 F.2d 1281, 1285 (2d Cir. 1990)).

Finally, the Courts have recognized that the lead plaintiff can represent a class where the members hold securities that differ from that of the lead plaintiff.  *See In re Winstar Communs. Secs. Litig.*, 290 F.R.D. 437, 450-51 (S.D.N.Y. 2013) ("[t]he Second Circuit has recently clarified the ability of purchasers of one type of security to represent purchasers of other types of securities that no named plaintiff purchased"); *Freudenberg v. E\*Trade Fin. Corp.*, 07 Civ. 10540, 2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008) at *17 (S.D.N.Y. July 16, 2008)

(Sweet, R.) (courts "often appoint purchasers of one type of securities to represent purchasers of other types of securities of the same issuer where the interests of those purchasers are aligned").

**B.     MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF**

      **1.     The Procedure Required By The PSLRA**

The PSLRA establishes the procedure that governs the appointment of lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1), (a)(3)(B)(i).  *See also id.* § 77z-1(a)(1), (a)(3)(B)(i).

First, within 20 days after the date on which an initial class action is filed, the plaintiff or plaintiffs who filed the initial class action must publish in a widely circulated national business-orientated publication or wire service, a notice advising members of the purported plaintiff class of the pendency of the action and their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i).

On October 30, 2014, a notice was published on Globe Newswire concerning the filing of the first class action which is the subject of this motion (the "PSLRA Notice").  *See*, Hart Dec., Ex.11.  The PSLRA Notice advised members of the purported class of the pendency of the actions, the claims asserted and the purported class period.  As a result, the notice satisfied the requirements of the PSLRA.  *See generally Seidel v. Noah Educ. Holdings Ltd.,* 2009 U.S. Dist. LEXIS 25949 at *2 (S.D.N.Y. Mar. 9. 2009) (Sullivan, R.).

Second, within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. § 78u-4(a)(3)(A), (B); 15 U.S.C. § 77z-1(a)(3)(A), (B).

Lastly, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that - (aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; and
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See id.* § 78u-4(a)(3)(B)(iii)(II).

### 2. Movant Satisfies The Lead Plaintiff Requirements Of The PSLRA

#### a. Movant Has Complied With The PSLRA

The first notice was published on October 30, 2014. *See* Hart Decl., Ex. 11 (the "PSLRA Notice"). The period in which class members may move to be appointed lead plaintiff herein expires on December 29, 2014. *See id.* § 78u-4(a)(3)(A), (B). Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely filed this application to be appointed.

Movant duly signed a certification stating that it had reviewed a copy of the complaint filed in the action, and is willing to serve as a representative party on behalf of the proposed class. The exhibits also contain loss calculations that demonstrate that Corsair suffered losses in connection with the purchase of ARCP securities during the Class Period. *See* Hart Decl., Exs. 1-2. In addition, Movant has selected and retained experienced and competent counsel to represent them and the proposed class.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 77z-1(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff approved by the Court.

**b.      Movant Has The Largest Financial Interest In The Relief Sought**

Pursuant to the PSLRA, identification of the most adequate plaintiff "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Facebook, Inc.*, 288 F.R.D. 26, 35 (S.D.N.Y. 2012) (Sweet, R.) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Herrgott v. U.S. Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 730 (9th Cir. 2002). While "[t]he PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,'" *In re Fuwei Films Sec. Litig.*, 247 F.R.D. at 436-37, the Court typically applies a four-factor test derived from *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). Under the *Lax/Olsten* test, the Court considers "(1) the number of shares purchased during the class period (i.e., shares purchased during and retained at the end of the class period); (3) the total net funds expended during the class period; and (4) the

approximate loss suffered during the class period." *Freudenberg*, 2008 U.S. Dist. LEXIS 62767, at *9 (quoting *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007)).  The fourth factor, largest loss, is usually given the most weight.  *Reimer v. Ambac Fin. Group*, 08 Civ. 411, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) ("The fourth factor is viewed as the most important.").

Here, Corsair has net expenditures of $ 52.4 million, with 4,004,842 shares purchased and 318,307 shares sold, thus retaining 3,686,535 net shares at the end of the Class Period. Corsair had an approximate loss of $ 19.8 million on their investments under both the FIFO and LIFO methodologies.[4]  Movant believes it has the largest financial interest in the relief sought by the proposed class and, therefore, is presumptively the most adequate lead plaintiff pursuant to the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### c. Movant Satisfies The Relevant Rule 23 Requirements

Under the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See* 15 U.S.C. §§ 78u-4(a)(3)(B), 15 U.S.C. § 77z-1(a)(3)(B).

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[4] Corsair's loss calculations break down the losses sustained by each of the six funds managed by Corsair Management.  *See* Hart Decl., Ex. 2.

In deciding a motion for appointment of lead plaintiff, the Court's inquiry regarding Rule 23 is limited to the Rule's adequacy and typicality requirements, which may be satisfied with a preliminary showing. *See Seidel*, 2009 U.S. Dist. LEXIS 25949 at *2 ("Of the four criteria of Rule 23(a)-numerosity, commonality, typicality, and adequacy-only two-typicality and adequacy-directly address the personal characteristics of the class representative. Accordingly, at the lead plaintiff stage, a movant is required to make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." (internal quotation marks and citations omitted).

As detailed herein, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). Typicality does not require that there be any factual differences between the class representatives and the class members, because it is the generalized nature of the claims asserted that determines whether the class representatives are typical. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust*, 229 F.R.D. at 412. Movant satisfies this requirement. With regard to the Section 10(b) claim, as with other class members, Movant purchased or otherwise acquired ARCP securities during the alleged class period at prices that were artificially inflated as a result of the defendants' false and materially misleading statements. Thus, Movant's claims are typical of those of other class members because its claim and the claims of other class members arise out of

the same course of events.  With regard to its Section 11 claim, as with other class members, Movant acquired ARCP securities during ARCP's secondary offering at prices that were artificially inflated as a result of the defendants' false and materially misleading statements.  Additionally, Movant received shares of ARCP common stock, again at inflated prices due to the Company's false and materially misleading statements, pursuant to the aforementioned Cole merger.

Under Rule 23(a)(4), representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of plaintiff to represent the class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the class.  In this Circuit, a proposed lead plaintiff is adequate where: (1) there is no conflict between the proposed lead plaintiff and the class members; and (2) the lead plaintiff's choice of counsel is qualified, experienced and generally able to conduct the proposed litigation; and (3) the lead plaintiff and its counsel will prosecute the action vigorously on behalf of the class.  *See, e.g., In re Fuwei Films Sec. Litig.*, 247 F.R.D. at 436.

Here, Movant is an adequate representative of the proposed class.  As evidenced by the injury they suffered, Movant's interests are aligned with those of class members, and there is no evidence of any antagonism between their interests.  Movant evaluated the litigation, and Movant is selecting proposed lead plaintiff's counsel who are qualified, experienced and able to conduct this complex litigation in a professional manner.  Accordingly, Movant satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff and should be appointed Lead Plaintiff in the consolidated action.

**C.      THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent.  Movant has selected and retained Lowey Dannenberg Cohen & Hart, P.C. as Lead Counsel for the proposed class.  Lowey Dannenberg has extensive experience in successfully prosecuting complex securities litigation and has frequently appeared in major actions in this and other courts.  *See* Hart Decl., Ex. 11.

## CONCLUSION

For the foregoing reasons, Corsair respectfully requests that the Court: (1) consolidate the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint Movant as Lead Plaintiff in the consolidated action; and (3) approve Movant's selection of Lowey Dannenberg Cohen & Hart, P.C. as Lead Counsel.


Dated: December 29, 2014

>                      Respectfully submitted,
>
>                      LOWEY DANNENBERG COHEN & HART, P.C.
>
>
>                      By:      _____/s/_____
>                               Barbara J. Hart, Esq. (BH-3231)
>                               Thomas M. Skelton, Esq. (TS-7908)
>
>                               One North Broadway, Suite 509
>                               White Plains, New York 10601
>                               Telephone:    (914) 997-0500
>                               Fax:          (914) 997-0035
>
>                               Counsel for Movant