**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

PERRY CIRAULU, Individually and on Behalf :    No. 1:14-cv-08659-AKH
of All Others Similarly Situated,    :

         :    **CLASS ACTION**

         Plaintiffs,    :

         :

         vs.    :

         :

AMERICAN REALTY CAPITAL    :
PROPERTIES, INC., NICHOLAS S.    :
SCHORSCH, DAVID S. KAY, BRIAN    :
BLOCK, and LISA MCALISTER,    :

         :

         Defendants.    :
-------------------------------------------------------- x

BERNARD PRIEVER, Individually and on    :    No. 1:14-cv-08668-AKH
Behalf of All Others Similarly Situated,    :

         :    **CLASS ACTION**

         Plaintiff,    :

         :

         vs.    :

         :

AMERICAN REALTY CAPITAL    :
PROPERTIES, INC., LISA P. MCALISTER    :
and BRIAN S. BLOCK,    :

         :

         Defendants.    :
-------------------------------------------------------- x

*−caption continued on next page−*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE INSTITUTIONAL
INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

```
------------------------------------------------------- x
STUART RUBINSTEIN, Individually and on    :   No. 1:14-cv-08669-AKH
Behalf of All Others Similarly Situated,   :
                                           :   **CLASS ACTION**
              Plaintiffs,                  :
                                           :
       vs.                                 :
                                           :
AMERICAN REALTY CAPITAL                    :
PROPERTIES, INC., BRIAN S. BLOCK, LISA     :
MCALISTER and NICHOLAS S. SCHORSCH,        :
                                           :
              Defendants.                  :
------------------------------------------------------- x
KEVIN PATTON, Individually and on Behalf   :   No. 1:14-cv-08671-AKH
of All Others Similarly Situated,          :
                                           :   **CLASS ACTION**
              Plaintiff,                   :
                                           :
       vs.                                 :
                                           :
AMERICAN REALTY CAPITAL                    :
PROPERTIES, INC., DAVID S. KAY,            :
NICHOLAS S. SCHORSCH, BRIAN S.             :
BLOCK, and LISA P. MCALISTER,              :
                                           :
              Defendants.                  :
------------------------------------------------------- x
JAMES W. EDWARDS, JR., Individually and    :   No. 1:14-cv-08721-AKH
on Behalf of All Others Similarly Situated, :
                                           :   **CLASS ACTION**
              Plaintiff,                   :
                                           :
       vs.                                 :
                                           :
AMERICAN REALTY CAPITAL                    :
PROPERTIES, INC., NICHOLAS S.              :
SCHORSCH, DAVID S. KAY, BRIAN S.           :
BLOCK and LISA PAVELKA MCALISTER,          :
                                           :
              Defendants.                  :
------------------------------------------------------- x
```

−*caption continued on next page*−

```
------------------------------------------------------------ x
BERNEY HARRIS, Individually and on Behalf   :   No. 1:14-cv-08740-AKH
of All Others Similarly Situated,           :
                                            :   **CLASS ACTION**
                Plaintiffs,                 :
                                            :
        vs.                                 :
                                            :
AMERICAN REALTY CAPITAL                     :
PROPERTIES, INC., NICHOLAS S.               :
SCHORSCH, BRIAN S. BLOCK, DAVID S.          :
KAY and LISA MCALISTER,                     :
                                            :
                Defendants.                 :
------------------------------------------------------------ x
SIMON ABADI, Individually and on Behalf of  :   No. 1:14-cv-09006-AKH
All Others Similarly Situated,              :
                                            :   **CLASS ACTION**
                Plaintiff,                  :
                                            :
        vs.                                 :
                                            :
AMERICAN REALTY CAPITAL                     :
PROPERTIES, INC., NICHOLAS S.               :
SCHORSCH, DAVID S. KAY, PETER M.            :
BUDKO, BRIAN S. BLOCK, LISA E.              :
BEESON, WILLIAM M. KAHANE, EDWARD:
M. WEIL, JR., LESLIE D. MICHELSON,          :
EDWARD G. RENDELL, and SCOTT J.             :
BOWMAN,                                     :
                                            :
                Defendants.                 :
------------------------------------------------------------ x
```

−*caption continued on next page*−

```
------------------------------------------------------------ x
THE CITY OF TAMPA GENERAL          :   No. 1:14-cv-10134-AKH
EMPLOYEES RETIREMENT FUND,         :
Individually and on Behalf of All Others  :   CLASS ACTION
Similarly Situated,                :
                                   :
            Plaintiffs,            :
                                   :
     vs.                           :
                                   :
AMERICAN REALTY CAPITAL            :
PROPERTIES, INC., NICHOLAS S.      :
SCHORSCH, DAVID S. KAY, BRIAN      :
BLOCK, PETER M. BUDKO, EDWARD M.   :
WEIL, JR., BRIAN D. JONES, WILLIAM M. :
KAHANE, EDWARD G. RENDELL,         :
WALTER P. LOMAX, JR., LESLIE D.    :
MICHELSON, SCOTT J. BOWMAN,        :
MERRILL LYNCH, PIERCE, FENNER &    :
SMITH INC., CITIGROUP GLOBAL       :
MARKETS INC., BARCLAYS CAPITAL     :
INC., J.P. MORGAN SECURITIES INC., :
CREDIT SUISSE SECURITIES (USA) LLC, :
DEUTSCHE BANK SECURITIES INC.,     :
WELLS FARGO SECURITIES, LLC,       :
ROBERT W. BAIRD & CO. INC.,        :
LADENBURG THALMANN & CO. INC.,     :
BMO CAPITAL MARKETS CORP., JMP     :
SECURITIES LLC, JANNEY             :
MONTGOMERY SCOTT LLC, MIZUHO       :
SECURITIES USA INC., PNC CAPITAL   :
MARKETS LLC, PIPER JAFFRAY & CO., and: 
RBS SECURITIES INC.,               :
                                   :
            Defendants.            :
------------------------------------------------------------ x
```

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................ 4

ARGUMENT ................................................................................................................ 6

I.      The Related Actions Should Be Consolidated .................................................... 6

II.     The Institutional Investor Group Should Be Appointed As Lead Plaintiff ........ 9

      A.     The Institutional Investor Group's Motion Is Timely ............................ 9

      B.     The Institutional Investor Group Has The Largest Financial Interest In The Relief Sought By The Class .................................................................... 9

      C.     The Institutional Investor Group Satisfies Rule 23 Of The Federal Rules Of Civil Procedure At This Stage .............................................................. 10

              1.     The Institutional Investor Group Is Typical .............................. 11

              2.     The Institutional Investor Group Is Adequate ......................... 11

      D.     The Institutional Investor Group Has Demonstrated Its Commitment To The Efficient Prosecution Of This Action ................................................. 13

III.    The Court Should Approve the Institutional Investor Group's Selection of Counsel ...... 15

CONCLUSION ............................................................................................................ 16

# TABLE OF AUTHORITIES

<u>C</u>ASES

*Eshe Fund v. Fifth Third Bancorp*
No. 08-cv-421 (S.D. Ohio 2008) .......................................................................... 14

*Foley v. Transocean Ltd.*
272 F.R.D. 126 (S.D.N.Y. 2011) .......................................................................... 10

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*
258 F.R.D. 260 (S.D.N.Y. 2009) .................................................................... 13, 14

*In re Cavanaugh*
306 F.3d 726 (9th Cir. 2002) ................................................................................. 15

*In re Cendant*
264 F.3d 201 (3d Cir. 2001) .................................................................................. 12

*In re NPS Pharmaceuticals, Inc. Securities Litigation*
No. 2:06-cv-570 (D. Utah 2006)............................................................................ 16

*In re Spectranetics Corp. Sec. Litig.*
08-cv-2048 (D. Colo. 2009)................................................................................... 14

*In re Vivendi Universal, S.A.*
605 F. Supp. 2d 570 (S.D.N.Y. 2009) ................................................................... 13

*Kaplan v. Gelfond*
240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................... 7

*Morrison v. Nat'l Austl. Bank Ltd.*
130 S. Ct. 2869 (2010)............................................................................................. 3

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*
256 F.R.D. 620 (E.D. Wis. 2009) ............................................................................ 2

*Richman v. Goldman Sachs Grp., Inc.*
274 F.R.D. 473 (S.D.N.Y. 2011) .......................................................................... 6, 8

*Sczesny Trust v. KPMG LLP*
223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................. 7

*Sgalambo v. McKenzie*
268 F.R.D. 170 (S.D.N.Y. 2010) .......................................................................... 11

*Sofran v. LaBranche & Co., Inc.*
220 F.R.D. 398 (S.D.N.Y. 2004) .......................................................................... 15

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*
549 F.3d 100 (2d Cir. 2008) .................................................................................. 13

<u>S</u>TATUTES

15 U.S.C. § 78u-4(a)(1) ............................................................................................. 9

15 U.S.C. § 78u-4(a)(3)(A)...................................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)................................................................... 7, 9, 10, 15

**OTHER AUTHORITIES**

1995 U.S.C.A.A.N. 679 ........................................................................................ 3

1995 U.S.C.A.A.N. 730 .................................................................................. 3, 12

H.R. Conf. Rep. No. 104-369 (1995)........................................................... 3, 12

S. Rep. No. 104-98 (1995) ................................................................................. 3

**RULES**

Fed. R. Civ. P. 42(a) ......................................................................................... 8

Sheet Metal Workers' National Pension Fund ("National Pension Fund"), KBC Asset Management NV ("KBC"), and Union Asset Management Holding AG ("Union"), (together, the "Institutional Investor Group") respectfully submit this memorandum of law in support of their motion for the entry of an order: (1) consolidating all related actions; (2) appointing the Institutional Investor Group as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) approving the Institutional Investor Group's selection of Motley Rice LLC ("Motley Rice") as Lead Counsel on behalf of the proposed Class.

## INTRODUCTION

Pending before the Court are at least eight related securities fraud class action lawsuits (the "Related Actions")[1] brought on behalf of all persons or entities who purchased or otherwise acquired American Realty Capital Properties, Inc. ("American Realty" or the "Company') securities and/or call options, between May 6, 2013, and October 29, 2014, inclusive (the "Class Period"), including common stock purchased in connection with the Company's public offering of 138 million shares on or around May 21, 2014, and those persons or entities who exchanged shares of Cole Real Estate Investments, Inc. ("Cole") common stock for shares of American Realty common stock in connection with American Realty's acquisition of Cole, which closed the transaction on February 7, 2014. The Related

---

[1]     The Related Actions are *Ciraulu v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08659-AKH, filed on October 30, 2014 ("*Ciraulu* Action"); *Priever v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08668-AKH, filed on October 30, 2014 ("*Priever* Action"); *Rubinstein v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08669-AKH, filed on October 30, 2014 ("*Rubinstein* Action*"); Patton v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08671-AKH, filed on October 30, 2014 ("*Patton* Action"); *Edwards v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08721-AKH, filed on October 31, 2014 ("*Edwards* Action"); *Harris v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-08740-AKH, filed on November 3, 2014 ("*Harris* Action"); *Abadi v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-09006-AKH, filed on November 12, 2014 ("*Abadi* Action"); and *City of Tampa General Employees Retirement Fund v. American Realty Capital Properties, Inc., et al.*, No. 1:14-cv-10134-AKH, filed on December 29, 2014 ("*Tampa* Action").

Actions charge American Realty, certain of its officers and directors, and its underwriters[2] with violations of the Securities Act of 1933 (the "Securities Act") and the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA.[3]

The Related Actions allege that Defendants issued numerous untrue and misleading statements concerning the Company's business, operations, management, and the intrinsic value of American Realty's securities, thus artificially inflating the price of its securities. When these misrepresentations were revealed to the public, American Realty experienced a precipitous decline in the market value of the Company's securities, causing the proposed Class to suffer significant losses and damages.

The Institutional Investor Group respectfully submits that, pursuant to the Exchange Act, as amended by the PSLRA, it should be appointed to serve as Lead Plaintiff on behalf of the putative Class. The Institutional Investor Group comprises sophisticated and experienced institutional investors with ample resources and capability to oversee complex litigation. Further, the Institutional Investor Group has the largest financial interest of any known movant properly before the Court, having suffered losses of $5.8 million.[4] *See* Certifications and Loss Charts, Decl. of Rebecca M. Katz ("Katz Decl."), Exs. 1 & 2, submitted herewith.

---

[2]　American Realty's underwriters are Merrill Lynch, Pierce, Fenner & Smith Inc., Citigroup Global Markets Inc., Barclays Capital Inc., J.P. Morgan Securities LLC, Capital One Securities, Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Wells Fargo Securities, LLC, Robert W. Baird & Co. Inc., Ladenburg Thalman & Co. Inc., BMO Capital Markets Corp., JMP Securities LLC, Mizuho Securities USA Inc., PNC Capital Markets LLC, Piper Jaffray & Co., and RBS Securities Inc. (collectively the "Underwriter Defendants").

[3]　The PSLRA's lead plaintiff provisions amended both the Securities Act and the Exchange Act in virtually identical ways. *Compare* 15 U.S.C. § 77z-1(a)(3) *with* 15 U.S.C. § 78u-4(a)(3). For simplicity and consistency, only the lead plaintiff provisions in the Exchange Act are cited herein.

[4]　The *Rubinstein* Action asserts the longest Class Period of the seven Related Actions currently pending in this District: May 6, 2013, through October 29, 2014, inclusive. The Institutional Investor Group's financial interest calculations are based on this Class Period. *See Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (relying upon longer class period to assess financial interest).

In light of these significant losses, the Institutional Investor Group has a large financial interest in prosecuting this case – an interest believed to be greater than that of any competing movant. The Institutional Investor Group also meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because the Institutional Investor Group's claims are typical of those of absent Class members and the Institutional Investor Group will fairly and adequately represent the interests of the proposed Class. Like the other members of the putative Class, the Institutional Investor Group seeks recovery of losses incurred as a result of declines in the share price of American Realty securities traded on American exchanges. *See Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869, 2886 (2010) (holding that Section 10(b) applies to securities registered on a United States stock exchange, irrespective of the nationality of the shareholder).

In a case of this scale, it is essential that any court-appointed lead plaintiff be large and sophisticated enough to play a meaningful role in managing potentially sprawling litigation. Here, the members of the Institutional Investor Group are exactly the type of investor whose participation in securities class actions the PSLRA was meant to foster. *See* H.R. Conf. Rep. No. 104-369 at 34 (1995), *reprinted in* 1995 U.S.C.A.A.N. 730, 733; S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.A.A.N. 679, 685. Indeed, the members of the Institutional Investor Group have significant experience prosecuting securities class actions on behalf of injured investors. *See* Certifications, Katz Decl., Ex. 1.

The members of the Institutional Investor Group have also demonstrated their commitment to working cohesively to efficiently prosecute this action by conferring before this Motion was filed to establish a clear and well-coordinated litigation strategy for this case. This plan, as reflected in the accompanying Joint Declaration submitted by the Institutional Investor

Group, establishes protocols for joint decision-making and close oversight of proposed Lead Counsel. *See* Joint Declaration of the Institutional Investor Group (the "Joint Decl."), Katz Decl., Ex. 5.

Finally, the Court should approve the Institutional Investor Group's selection of Motley Rice as Lead Counsel for the proposed Class. In this case, the claims of the proposed Class will be best protected by the experience and resources of Motley Rice, which has the expertise and resources necessary to handle litigation of this scale.

## FACTUAL BACKGROUND

American Realty is a real estate investment trust. The Company owns and acquires single tenant, freestanding commercial real estate that is net leased on a medium-term basis, primarily to investment grade credit rated and other creditworthy tenants. The Company principally invests in retail and office properties. As of June 20, 2012, its portfolio consisted of 118 properties. The Company was founded in 2010, is based in New York, New York, and its common stock shares trade on the NASDAQ under the ticker symbol "ARCP."

At start the Class Period, American Realty had approximately 154 million outstanding shares of common stock, and during the Class Period, American Realty engaged in two corporate actions further impacting the total outstanding shares: (1) on or about October 22, 2013, American Realty and Cole entered in to an Agreement and Plan of Merger (the "Merger Agreement"), which provided that Cole would merge with and into a direct wholly owned subsidiary of American Realty and, upon completion of the Merger Agreement, Cole shareholders would receive, at their election, 1.0929 shares of American Realty common stock or $13.82 in cash per Cole share, with the cash consideration limited to no more than 20% of Cole's shares. Cole shareholders exchanging their stock for American Realty stock received an implied consideration of $14.59 per share. As of the record date of the merger, there were 473,649,295

shares of Cole common stock held by approximately 47,250 holders of record. The transaction closed on February 7, 2014, with approximately 98% of Cole investors electing to exchange their shares for American Realty stock; and (2) on May 21, 2014, the Company announced the pricing of a public offering of 120,000,000 shares of its common stock at a price of $12.00 per share. American Realty also granted the underwriters a 30-day option to purchase up to 18,000,000 additional shares of common stock. On May 28, 2014, the Company announced the closing of its public offering of 138,000,000 shares of its common stock. Moreover, American Realty had at least six different debt securities actively trading during the Class Period.

The Related Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) American Realty's financial statements contained errors related to the improper classification of its adjusted funds from operations ("AFFO"), resulting in an overstatement of AFFO for the three months ended March 31, 2014, and an overstatement of AFFO and an understatement of the Company's net loss for the three and six months ended June 30, 2014; (2) contrary to its prior representations in the Merger Agreement and certain offering materials, it lacked proper and effective financial reporting controls and procedures; and (3) as a result of the foregoing, American Realty's public statements were materially false and misleading at all relevant times.

The earliest proposed Class Period begins on May 6, 2013, when American Realty announced its financial results for the first quarter of 2013. In its Securities and Exchange Commission filing on Form 10-Q, American Realty discussed the importance of AFFO with regard to the Company's performance and how AFFO was calculated. Throughout the Class

Period, American Realty continued to tout the importance of AFFO to the Company's financial condition, in addition to achieving "record" earnings and AFFO Per Share in its subsequent quarterly financial reports.

Then, on October 29, 2014, before the markets opened, ARCP disclosed that it had replaced its Chief Financial Officer and Chief Accounting Officer after the Company's Audit Committee identified intentional financial statement errors. In particular, the Company's Audit Committee concluded that the Company incorrectly included certain amounts related to its noncontrolling interests in its calculation of AFFO "for the three months ended March 31, 2014 and as, a result, overstated AFFO for this period." Moreover, the Company disclosed "that this error was identified but intentionally not corrected, and other AFFO and financial statement error was intentionally made, resulting, in an overstatement of AFFO and an understatement of the Company's net loss for the three and six months ended June 30, 2014." Consequently, the Company revealed that previously issued financial statements for the fiscal year ended December 31, 2013, and the quarterly periods ended March 31, 2014 and June 30, 2014, "should no longer be relied upon."

As a result of this news, shares of American Realty common stock fell as much as $4.53 per share, or over 36%, in intraday trading, on extremely heavy volume, to as low as $7.85 per share on October 29, 2014. Shares of the Company's debt securities also experienced similar declines in value.

## ARGUMENT

### I.     The Related Actions Should Be Consolidated

Consolidation pursuant to rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") is proper when actions involve common questions of law and fact. *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011). This Court has broad discretion under

Rule 42(a) to consolidate cases pending within this district. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Under Rule 42(a), we have broad discretion to determine whether to consolidate actions.").

Courts have recognized that class action shareholder suits, in particular, are ideally suited for consolidation pursuant to Rule 42(a). Indeed, § 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims." *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004) ("Consolidation of multiple actions alleging securities fraud is appropriate where those actions relate to 'the same 'public statements and reports.'"). Moreover, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan*, 240 F.R.D. at 91; *see also Sczesny Trust*, 223 F.R.D. at 322 ("Although some variations exist in the parameters of the alleged class periods, such 'minor differences' are insufficient to preclude consolidation.").

As reflected in the following table, the Related Actions allege essentially the same class claims brought on behalf of investors of American Realty securities who purchased or otherwise acquired the securities in reliance on Defendants' materially false and misleading statements and/or omissions during the Class Period. In addition, each complaint's allegations stem from the same October 29, 2014 disclosure. When these misrepresentations were revealed to the public, American Realty experienced a precipitous decline in the market value of the Company's securities, causing the proposed Class to suffer significant losses and

damages. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Richman,* 274 F.R.D. at 475.

| Action | Defendants | Class Period | Tesco Securities | Claim Violations |
|--------|-----------|-------------|-----------------|------------------|
| *Ciraulo* | American Realty and certain officers and directors | 2/27/2014 - 10/28/2014 | All | §§ 10(b) and 20(a), Exchange Act |
| *Edwards* | American Realty and certain officers and directors | 2/27/2014 - 10/28/2014 | All | §§ 10(b) and 20(a), Exchange Act |
| *Harris* | American Realty and certain officers and directors | 2/27/2014 - 10/28/2014 | Common Stock and/or Call Options | §§ 10(b) and 20(a), Exchange Act |
| *Patton* | American Realty and certain officers and directors | 2/27/2014 - 10/29/2014 | All | §§ 10(b) and 20(a), Exchange Act |
| *Rubinstein* | American Realty and certain officers | 5/6/2013 - 10/29/2014 | Common Stock | §§ 10(b) and 20(a), Exchange Act |
| *Priever* | American Realty and certain officers and directors | 5/8/2014 - 10/28/2014 | All, including Common Stock pursuant to 5/21/2014 offering | §§ 10(b) and 20(a), Exchange Act |
| *Abadi* | American Realty and certain officers and directors | 10/22/2013 Cole Merger | Common Stock | §§ 11, 12(a)(2), and 15, Securities Act |
| *Tampa* | American Realty, certain officers and directors, and Underwriter Defendants | 5/21/2014 Offering | Common Stock pursuant to 5/21/2014 offering | §§ 11 and 15, Securities Act |

The Institutional Investor Group respectfully submits that the requirements for consolidation are met here and that the Related Actions should be consolidated.

## II.     The Institutional Investor Group Should Be Appointed As Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B) (iii). The Institutional Investor Group meets these requirements and should therefore be appointed as Lead Plaintiff.

### A.     The Institutional Investor Group's Motion Is Timely

The notice published in this action on October 30, 2014, advised class members of (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by December 29, 2014. *See* Katz Decl., Ex. 3. Because the Institutional Investor Group's motion is timely filed, it is entitled to be considered for appointment as Lead Plaintiff.

### B.     The Institutional Investor Group Has The Largest Financial Interest In The Relief Sought By The Class

"The PSLRA does not address which method of loss calculation should be employed, but courts in this district and others have stated a preference for LIFO [last-in-first-out] over FIFO

[first-in-first-out] in assessing loss for purposes of the appointment of lead plaintiff." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 129 (S.D.N.Y. 2011) (citations omitted). During the Class Period, the Institutional Investor Group suffered combined LIFO losses of $5,759,157.68 from their purchases and acquisitions of American Realty securities. *See* Certifications and Loss Charts, Katz Decl., Exs. 1, 2. To the extent the Court considers FIFO losses or other factors, the Institutional Investor Group suffered FIFO losses of $5,798,759.71. *See id*. Union suffered LIFO and FIFO losses of $3,554,145.50 from its purchases of two different types of American Realty debt securities during the Class Period.[5] *See id*. KBC suffered LIFO and FIFO losses of $1,530,172.69 from its purchases of American Realty of common stock during the Class Period. In addition, KBC acquired 36,514 shares of American Realty common stock from the Cole merger. *See id*. National Pension Fund suffered LIFO losses of $674,839.49, and FIFO losses of $714,441.52, from its purchases of American Realty of common stock during the Class Period. *See id*. Moreover, National Pension Fund acquired 65,028 shares of American Realty common stock from the Cole merger, and acquired another 30,100 shares of American Realty common stock from the May 21, 2014 public offering. *See id*. To the best of their counsel's knowledge, there is no other lead plaintiff movant with a larger financial interest than the Institutional Investor Group. Therefore, the Institutional Investor Group satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### C. The Institutional Investor Group Satisfies Rule 23 Of The Federal Rules Of Civil Procedure At This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23…." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "At

---

[5] Union purchased the Company's 3.75% convertible senior notes due 2020 (ISIN: US02917TAB08), and its 3.00% convertible senior notes due 2018 (ISIN: US02917TAA25).

the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (Scheindlin, J.) (citation omitted). "'Typicality' 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* at 173-74 (citation omitted). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'" *Id.* at 174 (citation omitted).

### 1. The Institutional Investor Group Is Typical

The Institutional Investor Group purchased and otherwise acquired a substantial amount of American Realty securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and suffered damages when the truth leaked into the market. The Institutional Investor Group's claims therefore arise from the same factual predicate as those in the complaints of the Related Actions. *See id.* Accordingly, the Institutional Investor Group satisfies the typicality requirement.

### 2. The Institutional Investor Group Is Adequate

First, there is no conflict between the Institutional Investor Group and the Class. Both the Institutional Investor Group and the Class seek to recover losses caused by the Defendants' fraud. Second, as explained below, the Institutional Investor Group has selected a highly qualified firm with significant experience prosecuting class action lawsuits under the federal securities laws to serve as Lead Counsel for the Class. *See infra* Section C.; *see also* Motley Rice Firm Resume, Katz Decl., Ex. 7.

In addition to satisfying the requirements of Rule 23, the Institutional Investor Group comprises precisely the type of investors Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA.  *See In re Cendant*, 264 F.3d 201, 244 (3d Cir. 2001) (PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff") (quoting H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.A.A.N. 730, 733).

Union is a large and sophisticated institutional investor that manages assets of approximately $279 billion.  Further, Union has served as a lead plaintiff in other securities actions and its experience will benefit the Class.  *See* Certifications, Katz Decl., Ex. 1.  Union's familiarity with the PSLRA's requirements is derived from, among other things, its appointment as Co-lead Plaintiff in *Minneapolis Firefighters' Relief Association v. Medtronic, Inc., et al.*, No. 08-cv-06324-PAM, 2009 WL 1458234 (D. Minn. May 26, 2009).  On November 8, 2012, the court issued an order granting final approval of a settlement resolving all claims in *Medtronic* in exchange for payment of $85 million for the benefit of the class.  Union is also currently serving as Co-Lead Plaintiff in this District for *In re Barrick Gold Securities Litigation*, No. 13-cv-03851-RPP (S.D.N.Y. Aug. 9, 2013).  *See* Lead Pl. Appointment Orders, Katz Decl., Ex. 6.

KBC is a large and sophisticated institutional investor that manages assets of approximately $212 billion.  Further, KBC has served as a lead plaintiff in other securities actions and its experience will benefit the Class.  *See* Certifications, Katz Decl., Ex. 1.  KBC's familiarity with the PSLRA's requirements is derived from, among other things, its appointment as Co-lead Plaintiff, with National Pension Fund, in *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc., et al.*, No. 11-cv-08332-AJS, 2012 WL 1339678 (N.D. Ill. April 18, 2012) ("*Hospira* Action").  On August 5, 2014, the court issued an order granting final

approval of a settlement resolving all claims in the *Hospira* Action in exchange for payment of $60 million for the benefit of the class. KBC is also currently serving as Co-Lead Plaintiff in this District for *In re Weight Watchers International, Inc. Securities Litigation*, No. 14-cv-01997-LAK, 2014 WL 2581056 (S.D.N.Y. June 9, 2014), as well as, *Kaplan v. S.A.C. Capital Advisors, L.P., et al.*, No. 12-cv-09350-VM-KNF, (S.D.N.Y. October 22, 2013). *See* Lead Pl. Appointment Orders, Katz Decl., Ex. 6.

National Pension Fund is a defined benefit pension fund organized to provide retirement benefits to sheet metal workers and their spouses, with assets of nearly $4 billion. Further, National Pension Fund has served as a lead plaintiff in other securities actions and its experience will benefit the Class. *See* Certifications, Katz Decl., Ex. 1. As noted in the preceding paragraph, National Pension Fund's familiarity with the PSLRA's requirements is derived from, among other things, its appointment as Co-lead Plaintiff, with KBC, in the *Hospira* Action.

Moreover, the Institutional Investor Group is not subject to impediments or unique defenses and there is no evidence that it seeks anything other than the greatest recovery for the class consistent with the merits of the claims.[6] As such, the Institutional Investor Group satisfies the typicality and adequacy requirements at this stage.

> **D.  The Institutional Investor Group Has Demonstrated Its Commitment To The Efficient Prosecution Of This Action**

The Institutional Investor Group has demonstrated its commitment to working cohesively as a group in the prosecution of the Related Actions by executing the Joint Declaration. *See, e.g., In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y.

---

[6]     KBC and Union obtained valid assignments of claims that were executed prior to filing this motion for appointment as lead plaintiff. *See* Union's and KBC's Decls. of Assignment, Katz Decl., Ex. 4; *see also In re Vivendi Universal, S.A.*, 605 F. Supp. 2d 570, 579 (S.D.N.Y. 2009) (rejecting defendants' summary judgment challenge to standing of foreign investment vehicles such as KBC to assert claims for violations of federal securities laws) (citing *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008)).

2009) ("[D]emonstrated cooperation among plaintiffs, particularly plaintiffs that are sophisticated institutional investors, satisfies concerns about designating groups as lead plaintiffs that are in fact dominated by counsel"); *In re Spectranetics Corp. Sec. Litig.*, 08-cv-2048, 2009 WL 1663953, at *6 (D. Colo. June 15, 2009) (appointing group of investors as lead plaintiff because "the certifications and declarations submitted by the members of the [group] demonstrate that [the group members] can and will work together to oversee the litigation, and to monitor the work of counsel"); *Eshe Fund v. Fifth Third Bancorp*, No. 08-cv-421, slip op. at 9 (S.D. Ohio Dec. 16, 2008) (appointing group of investors who "presented sufficient information [in a joint declaration] to show that they are willing to work together in the best interests of the proposed class"), attached as Katz Decl. Ex. 5. Moreover, and in conjunction with the Joint Declaration, representatives of National Pension Fund, KBC, and Union held a conference call on December 18, 2014, to discuss their desire to proceed jointly in efficiently prosecuting this action.

The Joint Declaration advises the Court of the Institutional Investor Group's ability and inclination to oversee the litigation, expected meetings with each other and the counsel it selected, and its procedures and protocols for decision-making. *See* Joint Decl., Katz Decl., Ex. 5, ¶¶ 2-8. The members of the Institutional Investor Group have conferred with each other and counsel in connection with the filing of their joint motion for lead plaintiff, and to discuss management of the litigation. *See id.*, ¶ 7. Importantly, the members of the Institutional Investor Group, not their counsel, decided to file a joint motion for appointment as lead plaintiff. *See id.* Moreover, after agreeing to file their joint lead plaintiff motion, the members of the Institutional Investor Group established appropriate protocols for managing the litigation with each other and counsel to ensure this litigation proceeds efficiently, effectively, and in a non-duplicative manner

in accordance with the best interests of the proposed Class.  *See id.*, ¶ 5.  Thus, the Court can be assured that the Institutional Investor Group will effectively monitor and direct its counsel.

The PSLRA is clear that once the court determines that the movant or movant group with the largest financial interest is adequate and typical, it should appoint that movant as lead plaintiff.  *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).  Because its members have established that they have the largest financial interest in the relief sought by the Class and that they satisfy the requirements of Rule 23, the Court should appoint the Institutional Investor Group as Lead Plaintiff.

## III.     The Court Should Approve the Institutional Investor Group's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Institutional Investor Group has selected Motley Rice to serve as Lead Counsel for the proposed Class.  Motley Rice has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests.  *See* Motley Rice Firm Resume, Katz Decl., Ex. 7.  Motley Rice is currently serving as Lead Counsel or Co-lead Counsel, in this District, in several high profile securities class actions against Avon Products, Inc., Barrick Gold Corp., and S.A.C. Capital Advisors, L.P. (now known as Point72 Asset Management), among others.  *See id.*  Indeed, as noted in the lead plaintiff order for the *City of Brockton Retirement System v. Avon Products, Inc.*, No. 11-cv-04665, ECF No. 21 (S.D.N.Y. Sept. 23, 2011), "The Court, having reviewed the motion . . . finds that Motley Rice is qualified

to serve as Lead Counsel." *See also In re NPS Pharm., Inc. Sec. Litig.*, No. 2:06-cv-570, 2006 WL 6627948, at *4 (D. Utah Nov. 17, 2006) (Motley Rice has "expertise and experience in the prosecution of shareholder and securities class actions and, as a result, [is] adequate to represent the interests of the class."). Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Accordingly, the Court should approve the Institutional Investor Group's selection of Motley Rice as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Institutional Investor Group respectfully requests that the Court:  (1) consolidate all related actions; (2) appoint the Institutional Investor Group as Lead Plaintiff pursuant to the PSLRA; and (3) approve the Institutional Investor Group's selection of Motley Rice to serve as Lead Counsel for the proposed Class.

DATED:  December 29, 2014 *Respectfully submitted*,

**MOTLEY RICE LLC**

*s/ Rebecca M. Katz*
Rebecca M. Katz
600 Third Avenue, Suite 2101
New York, NY  10016
Telephone:     212/577-0040
Facsimile:      212/577-0054
Email:           rkatz@motleyrice.com

James M. Hughes
David P. Abel
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:     843/216-9000
Facsimile:      843/216-9450
Emails:         jhughes@motleyrice.com
                    dabel@motleyrice.com

*Counsel for Proposed Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 29, 2014.

*s/ Rebecca M. Katz*
Rebecca M. Katz

MOTLEY RICE LLC
600 Third Avenue, Suite 2101
New York, NY  10016
Telephone:     212/577-0040
Facsimile:      212/577-0054
Email:          rkatz@motleyrice.com