**KAHN SWICK & FOTI, LLC**
KIM E. MILLER (KM-6996)
BRUCE W. DONA (BD-3730)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498

-and-

LEWIS S. KAHN
206 Covington St.
Madisonville, LA 70447
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Counsel for Movant Brock Siebold*
*and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PERRY CIRAULU, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., ET AL,<br><br>Defendants. | Case: 14-CV-08659-AKH<br><br>HON. JUDGE ALVIN K. HELLERSTEIN |

(caption continued on the following page)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BROCK SIEBOLD TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

| | |
|---|---|
| BERNARD PRIEVER, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., ET AL,<br><br>Defendants. | Case: 14-CV-08668-AKH<br><br>HON. JUDGE ALVIN K. HELLERSTEIN |
| STUART RUBINSTEIN, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., ET AL,<br><br>Defendants. | Case: 14-CV-08669-AKH<br><br>HON. JUDGE ALVIN K. HELLERSTEIN |
| KEVIN PATTON, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., ET AL,<br><br>Defendants. | Case: 14-cv-08671-AKH<br><br>HON. JUDGE ALVIN K. HELLERSTEIN |

| | | |
|---|---|---|
| JAMES EDWARDS, JR., Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., ET AL,<br><br>Defendants. | ) | Case: 14-CV-08721-AKH<br><br>HON. JUDGE ALVIN K. HELLERSTEIN |
| BERNEY HARRIS., Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., ET AL,<br><br>Defendants. | ) | Case: 14-CV-08740-AKH<br><br>HON. JUDGE ALVIN K. HELLERSTEIN |
| SIMON ABADI, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., ET AL,<br><br>Defendants. | ) | Case: 14-CV-09006-AKH<br><br>HON. JUDGE ALVIN K. HELLERSTEIN |

Brock Siebold ("Mr. Siebold" or "Movant") hereby moves this Court: (1) to consolidate various related securities class actions filed against American Realty Capital Properties, Inc. ("American Realty" or the "Company") and other defendants; (2) to be appointed Lead Plaintiff in this consolidated action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange

Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (3) to approve Mr. Siebold's choice of Lead Counsel.

Mr. Siebold fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Chart attached to the Declaration of Bruce W. Dona in Support of the Motion of Brock Siebold to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Dona Decl.") at Exhibit A and Exhibit B, Mr. Siebold has suffered losses of $392,107.60 as a result of his purchases of American Realty securities during the Class Period. To the best of his knowledge, Mr. Siebold has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Siebold's Certification demonstrates his intent to serve as Lead Plaintiff in this matter, including his cognizance of the duties of serving in that role. *See* Dona Decl. at Exhibit A. Moreover, Mr. Siebold satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, Mr. Siebold respectfully submits this memorandum of law in support of his motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Siebold as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act, and (3) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF"), as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against Defendants, *Ciraulu v. American Realty Capital Properties, Inc., et al.*, No. 14-CV-08659-AKH, was filed in the Southern District of New York on October 30, 2014. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on October 30, 2014, the first notice that a class action had been initiated against Defendants was published on *Globe NewsWire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than December 29, 2014. *See* Dona Decl. at Exhibit C.

Mr. Siebold is a Class Member (*see* Dona Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the October 30, 2014 Notice.

## STATEMENT OF FACTS

Defendant American Realty American Realty Capital Properties, Inc. owns and acquires single tenant, freestanding commercial real estate that is net leased on a medium-term basis, primarily to investment grade credit rated and other creditworthy tenants. The company principally invests in retail and office properties. As of June 20, 2012, its portfolio consisted of 118 properties.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) American Realty's financial statements contained errors related to the improper classification of its adjusted funds from operations, ("AFFO"), resulting in an overstatement of AFFO for the three months ended March 31, 2014 and an overstatement of AFFO and an understatement of the Company's net loss for the three and six months ended June 30, 2014; (2) American Realty lacked adequate

internal controls over financial reporting; and (3) as a result of the foregoing, American Realty's public statements were materially false and misleading at all relevant times.

On October 29, 2014, the Company issued a press release and filed a Form 8-K with the SEC, announcing that certain of its previously issued financial statements contained errors and should no longer be relied upon. In addition, the Company announced the resignation of its CFO and Chief Accounting Officer who had key roles in preparing the financial statements. As a result of this news, shares of American Realty fell as much as $4.53 or over 36% in intraday trading, on extremely heavy volume, to as low as $7.85 on October 29, 2014.

During the Class Period, Defendants materially misled the investing public, thereby inflating the value of the stock. The material misstatements resulted in Mr. Siebold and other members of the Class purchasing American Realty securities for inflated values, thus causing damages to the Class when the truth was revealed and the price of the stock plummeted in value.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. The Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[1] provide for consolidation of related actions brought under the federal securities laws. Court have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of parties and witnesses for inquiries in multiple proceedings and minimizes the expenditure of time and money by all concerned persons. *See e.g., Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y 1997).

[1] Fed. R. Civ. P. 42(a): Consolidation. When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

In this case, the related actions are perfectly suited for consolidation. The class actions contain very similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's business operations and financial strength during the relevant period. The class actions also involve common legal issues and assert claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the S.E.C. Furthermore, consolidation is appropriate in securities cases where the complaints rely on the same public statements by Defendants. *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006) ("While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports.") Accordingly, this Court should consolidate the related actions.

## II. MR. SIEBOLD SHOULD BE APPOINTED LEAD PLAINTIFF.

### A. The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice was published notice on *Globe NewsWire* on October 30, 2014. *See* Dona Decl. Exhibit C. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than December 29, 2014. Within 60 days after publication of the required notice, any member or members of the proposed

Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B. Mr. Siebold is "The Most Adequate Plaintiff".

#### 1. Mr. Siebold has Complied With the PLSRA and Should Be Appointed Lead Plaintiff.

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A-B), expires on December 29, 2014. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (timely published on October 30, 2014), Mr. Siebold timely moves this Court for appointment as Lead Plaintiff on behalf of all members of the class.

Moreover, Mr. Siebold has sustained a substantial loss from his investment in American Realty securities and has shown his willingness to represent the class by signing a Certification

detailing his transactions in American Realty securities during the Class Period. *See* Dona Decl. Exhibit A. As demonstrated by his certification, Mr. Siebold is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Mr. Siebold has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, Kahn Swick & Foti, LLC, is attached as Exhibit D to the Dona Declaration.

**2. Mr. Siebold Has the Largest Financial Interest.**

During the Class Period, as evidenced by the accompanying signed certification (Dona Decl., Ex. A), Mr. Siebold purchased American Realty securities in reliance upon the materially false and misleading statements issued by the Defendants and were injured thereby. In addition, Mr. Siebold incurred a substantial loss of $392,107.60 on his transactions in American Realty securities (Dona Decl. Exhibit B). To the best of his knowledge, Mr. Siebold thus has the largest financial interest in the relief sought. Therefore, Mr. Siebold satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

**3. Mr. Siebold Satisfies the Requirements of Rule 23.**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Mr. Siebold satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

**i. Mr. Siebold's Claims are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Mr. Siebold's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Mr. Siebold and all the other Class Members (1) purchased American Realty securities during the Class Period, (2) purchased American Realty securities in reliance upon the allegedly materially false and misleading statements issued by Defendants, and (3) suffered damages by purchasing artificially inflated securities and then suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, Mr. Siebold's claims are typical of those of other class members since his claims and the claims of other class members resulted from the same illegal practices.

**ii. Mr. Siebold Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met by (1) the absence of potential conflicts between the named plaintiff and the other class members, and (2) the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Siebold is an adequate representative of the class. As evidenced by the injuries suffered by Mr. Siebold, who purchased American Realty securities at prices that were artificially inflated by Defendants' materially false and misleading statements, the interests of Mr. Siebold are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Mr. Siebold's interests and those of the other members of the class. Furthermore, Mr. Siebold has retained competent and experienced counsel to prosecute these claims. Mr. Siebold's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Mr. Siebold *prima facie* satisfies

the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

## III. THE COURT SHOULD APPROVE MR. SIEBOLD'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Mr. Siebold has selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal and state courts across the country. *See* Dona Decl. Exhibit D. Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest caliber.

## CONCLUSION

For all of the foregoing reasons, Mr. Siebold respectfully requests that this Court: (1) consolidate all related actions, (2) appoint Mr. Siebold to serve as Lead Plaintiff in this consolidated action; (3) approve Mr. Siebold's selection of KSF as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper

Dated: December 29, 2014

Respectfully submitted,

KAHN SWICK & FOTI, LLC

/s/ Bruce W. Dona
Kim E. Miller (KM-6996)
Bruce W. Dona (BD-3730)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
206 Covington St.
Madisonville, LA 70447
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Movant Brock Siebold and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

       I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on December 29, 2014.

                                                          /s/ Bruce W. Dona
                                                          Bruce W. Dona