UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY CIRAULU et al., | Civil Action No. 1:14-cv-08659-AKH |
| Plaintiffs, | |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | |
| Defendants. | |
| BERNARD PRIEVER et al., | Civil Action No. 1:14-cv-08668-AKH |
| Plaintiffs, | |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | |
| Defendants. | |
| STUART RUBINSTEIN et al., | Civil Action No. 1:14-cv-08669-AKH |
| Plaintiffs, | |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | |
| Defendants. | |
| KEVIN PATTON et al., | Civil Action No. 1:14-cv-08671-AKH |
| Plaintiffs, | |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | |
| Defendants. | |

|  |  |  |
|---|---|---|
| JAMES EDWARDS JR. et al., | : x : | Civil Action No. 1:14-cv-08721-AKH |
| Plaintiffs, | : : |  |
| v. | : : |  |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | : : : |  |
| Defendants. | : : x |  |
| BERNEY HARRIS et al., | : | Civil Action No. 1:14-cv-08740-AKH |
| Plaintiffs, | : : |  |
| v. | : : |  |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | : : : |  |
| Defendants. | : : x |  |
| SIMON ABADI et al., | : | Civil Action No. 1:14-cv-09006–AKH |
| Plaintiffs, | : : |  |
| v. | : : |  |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | : : : |  |
| Defendants. | : : x |  |

**MEMORANDUM OF LAW IN SUPPORT OF PAUL MATTEN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF <u>LEAD PLAINTIFF'S SELECTION OF COUNSEL</u>**

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. SUMMARY OF THE ACTIONS................................................................................. 2

III. ARGUMENT................................................................................................................. 4

    A. The Related Actions Should be Consolidated ......................................................... 4

    B. Mr. Matten Should Be Appointed Lead Plaintiff..................................................... 6

        1. The Procedure Required By The PSLRA ...................................................... 6

        2. Mr. Matten Satisfies the "Lead Plaintiff" Requirements of the PSLRA .... 7

    C. The Court Should Approve Mr. Matten's Choice of Counsel ............................. 10

IV. CONCLUSION............................................................................................................ 11

i

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*City of Monroe Employees' Retirement System v. Hartford Financial Services Group, Inc.*
   269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................. 8, 9

*In re Doral Fin. Corp. Sec. Litig.*,
   414 F. Supp. 2d 398 (S.D.N.Y. 2006) ............................................................................ 2

*In re Tyco Int'l, Ltd. Secs. Litig.*,
   No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390 (D.N.H. Aug. 17, 2000) ................... 8

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
   256 F.R.D. 620 (E.D. Wis. 2009) ................................................................................... 2

*Priest v. Zayre Corp.*,
   118 F.R.D. 552 (D. Mass. 1988) .................................................................................... 9

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010) .................................................................................... 8

**Statutes**

15 U.S.C. §§78u-4(a)(3)(A) ................................................................................................ 6, 7

15 U.S.C. §77z-1(a)(3)(B) ...................................................................................................... 1

15 U.S.C. §78u-4(a)(1) ........................................................................................................... 6

15 U.S.C. §78u-4(a)(3)(A)(i) .................................................................................................. 6

15 U.S.C. §78u-4(a)(3)(B) .............................................................................................. 1, 6, 7

15 U.S.C. §78u-4(a)(3)(B)(i) .................................................................................................. 2

15 U.S.C. §78u-4(a)(3)(B)(ii) .............................................................................................. 1, 2

15 U.S.C. §78u-4(a)(3)(B)(iii) ........................................................................................ 2, 7, 8

15 U.S.C. §78u-4(a)(3)(B)(v) ............................................................................................ 2, 10

15 U.S.C. §8u-4(a)(3)(B)(ii) ................................................................................................... 5

**Other Authorities**

*Manual for Complex Litigation* §20.123 (3d ed. 1995) ........................................................ 5

## TABLE OF AUTHORITIES (cont.)

**Page**

**Rules**

Fed. R. Civ. P. 23(a) ........................................................................................................... 8

Fed. R. Civ. P. 23(a)(4) ...................................................................................................... 9

Fed. R. Civ. P. Rule 23(a)(3) ......................................................................................... 8, 9

Fed. R. Civ. P. Rule 42(a) .............................................................................................. 1, 5

American Realty Capital Properties, Inc. ("American Realty" or the "Company") investor and proposed lead plaintiff Paul Matten ("Mr. Matten" or the "Movant") respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the related securities class action lawsuits pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (ii) for an order appointing Mr. Matten as lead plaintiff and approving Mr. Matten's selection of Johnson & Weaver, LLP ("Johnson & Weaver") to serve as lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]

## I.     PRELIMINARY STATEMENT

Presently pending in this district are seven class action lawsuits (the "Related Actions") filed on behalf of purchasers of American Realty securities with each alleging violations of the federal securities laws.[2] Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(ii), the court must first determine whether to consolidate the Related Actions prior to selecting a lead plaintiff.  Here, the Related Actions should be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure because consolidation will promote judicial efficiency, prevent duplication and is appropriate as each of the Related Actions assert substantially the same claims and raise substantially the same questions of fact and law during the Class Period.[3]

---

[1]     All exhibits referenced herein are attached to the Declaration of W. Scott Holleman ("Holleman Decl."), which is being submitted concurrently herewith.  All emphasis is added and all citations are omitted unless otherwise noted.

[2]     The Related Actions, collectively, allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") as amended by the PSLRA (15 U.S.C. §§78(j)(b) and 78(t)(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) as well as Sections 11 and 12(a)(2) (15 U.S.C. §77k) of the Securities Act of 1933 ("1933 Act").  The PSLRA's lead plaintiff provisions for the 1933 Act and 1934 Act are identical.  *Compare* 15 U.S.C. §77z-1(a)(3)(B) *with* 15 U.S.C. §78u-4(a)(3)(B).  For simplicity, only the 1934 Act's provisions are cited herein.

[3]     As is detailed *infra* at §III.A, some of the Related Actions allege different Class Periods.  For the purpose of the motion, however, the most expansive Class Period is utilized from May 6,

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the class member "the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Mr. Matten should be appointed lead plaintiff because he: (1) timely filed this motion; (2) to his counsel's knowledge, has the largest financial interest in the relief sought by the class of any qualified plaintiff; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Matten's selection of Johnson & Weaver as lead counsel for the putative class should be approved because the firm possesses extensive experience and will adequately represent the interests of all class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   SUMMARY OF THE ACTIONS

American Realty is a Maryland corporation and maintains its principal executive offices in New York, New York. American Realty owns and acquires single tenant, freestanding commercial real estate that is net leased on a medium-term basis, primarily to investment grade credit and other creditworthy tenants. The Company is externally managed by ARC Properties Advisors, LLC.

The Related Actions allege that, *inter alia*, during the Class Period, defendants issued false and misleading statements regarding the Company's financial results. Specifically, the

---

2013 through October 29, 2014, inclusive. *See In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) ("For the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive class period … is proper, as it encompasses more potential class members."); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (applying the longest class period, and noting that courts usually "use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period.").

Related Actions allege that the Company failed to properly estimate its adjusted funds from operations ("AFFO"), which is a common measure of REIT performance that measures a trust's net income, including write-downs, depreciation, and amortization, but not including profits or losses from the sale of property, resulting in the Company overstating its AFFO by $12 million for the fiscal period ended March 31, 2014 ("1Q 2014") and by approximately $10.9 million for the fiscal period ended June 30, 2014 ("2Q 2014"). Further, the Company failed to disclose the inadequacy of its internal controls and procedures over financial reporting and disclosure. As a result of defendants' false statements, American Realty securities traded at artificially inflated prices during the Class Period, with the Company's stock price climbing as high as $14.88 per share on March 4, 2014.

On October 29, 2014, before the market opened, American Realty filed a Form 8-K with the U.S. Securities and Exchange Commission ("SEC"), and issued a press release, announcing that the Company's Form 10-K for its fiscal year ended December 31, 2013 and its Forms 10-Q for 1Q 2014 and 2Q 2014 should no longer be relied upon, and that the Company would be restating its audited consolidated financial results going back to 2013. The Company further admitted that its AFFO had been overstated for 1Q 2014 and 2Q 2014 and that it was re-evaluating its internal controls and procedures. The Company's Form 8-K filing and press release also announced the immediate resignations of the Company's Chief Financial Officer, defendant Brian S. Block, and its Chief Accounting Officer, Lisa Pavelka McAlister.

This news sent American Realty stock swooning as the Company's stock price plummeted $2.38 per share to close at $10.00 per share on October 29, 2014 – a one day decline of 19% – on volume of nearly 231 million shares. The Company's stock price continues to languish, closing at $8.30 per share on December 26, 2014.

## III. ARGUMENT

### A. The Related Actions Should be Consolidated

Presently pending in this District are at least seven related securities class actions:

| Case Name/Case No. | Defendants | Class Period | Security |
|---|---|---|---|
| *Ciraulu v. American Realty Capital Properties, Inc., et al.* No. 1:14-cv-8659 (filed October 30, 2014) | American Realty Capital Properties, Inc., Nicholas S. Schorsch, David S. Kay, Brian Block, and Lisa McAlister | 2/27/2014-10/28/2014 | Securities |
| *Priever v. American Realty Capital Properties, Inc., et al.* No. 1:14-cv-8668 (filed October 30, 2014) | American Realty Capital Properties, Inc., Lisa P. McAlister, and Brian S. Block | 5/8/2014-10/28/2014 5/21/2014 offering | Securities including common stock |
| *Rubinstein v. American Realty Capital Properties, Inc., et al.* No. 1:14-cv-8669 (filed October 30, 2014) | American Realty Capital Properties, Inc., Brian S. Block, Lisa McAlister, and Nicholas S. Schorsch | 5/6/2013-10/29/2014 | Common stock |
| *Patton v. American Realty Capital Properties, Inc., et al.* No. 1:14-cv-8671 (filed October 30, 2014) | American Realty Capital Properties, Inc., David S. Kay, Nicholas S. Schorsch, Brian S. Block, and Lisa P. McAlister | 2/27/2014-10/29/2014 | Securities |
| *Edwards, Jr. v. American Realty Capital Properties, Inc., et al.* No. 1:14-cv-8721 (filed October 31, 2014) | American Realty Capital Properties, Inc., Nicholas S. Schorsch, David S. Kay, Brian S. Block, and Lisa Pavelka McAlister | 2/27/2014-10/28/2014 | Securities |
| *Harris v. American Realty Capital Properties, Inc., et al.* No. 1:14-cv-8740 (filed November 3, 2014) | American Realty Capital Properties, Inc., Nicholas S. Schorsch, Brian S. Block, David S. Kay, and Lisa P. McAlister | 2/27/2014-10/28/2014 | Common stock and/or call options |

4

| Case Name/Case No. | Defendants | Class Period | Security |
|---|---|---|---|
| *Abadi v. American Realty Capital Properties, Inc., et al.* No. 1:14-cv-9006 (filed November 12, 2014) | American Realty Capital Properties, Inc., Nicholas S. Schorsch, David S. Kay, Peter M. Budko, Brian S. Block, Lisa E. Beeson, William M. Kahane, Edward M. Weil, Jr., Leslie D. Michelson, Edward G. Rendell, and Scott J. Bowman | All persons or entities who exchanged shares of Cole Real Estate Investments, Inc. ("Cole") common stock for shares of American Realty common stock in connection with American Realty's acquisition of Cole | Common stock |

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §8u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); s*ee also Manual for Complex Litigation* §20.123, at 13-14 (3d ed. 1995).

Here, the Related Actions share numerous common questions of law and fact. For example, the Related Actions each allege that, during substantially similar, overlapping Class Periods, many of the same defendants issued materially false and misleading statements regarding, *inter alia*, the Company's financial results. Likewise, the Related Actions each assert violations of the federal securities laws – and that class members suffered damages as a result of this misconduct.

Given the numerous common questions of law and fact presented by the Related Actions, their consolidation would result in significant efficiencies and improve judicial economy, and should therefore be granted pursuant to Rule 42(a).

5

### B.     Mr. Matten Should Be Appointed Lead Plaintiff

#### 1.     The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). The Plaintiff in the first-filed action caused the notice regarding the pendency of this action to be published on *Globe Newswire*, a national wire service, on October 30, 2014. *See* Holleman Decl., Ex. 1. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> "[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that —
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. §78u-4(a)(3)(B)(iii).  Mr. Matten meets these requirements and should therefore be appointed lead plaintiff.

### 2. Mr. Matten Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. Mr. Matten Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein expires on December 29, 2014.  15 U.S.C. §§78u-4(a)(3)(A) and (B); *see* Holleman Decl., Ex. 1.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on October 30, 2014), Mr. Matten timely moved this Court and is entitled to be considered for appointment as lead plaintiff.

Additionally, Mr. Matten has duly signed and filed a certification stating his willingness to serve as the representative party.  *See* Holleman Decl., Ex. 2.  Mr. Matten has also selected and retained competent counsel to represent him and the class.  *See* Holleman Decl., Ex. 4.  Accordingly, Mr. Matten has satisfied the individual requirements of the PSLRA and is entitled to have his application for consolidation of Related Actions, appointment as lead plaintiff and selection of counsel as set forth herein, considered and approved by the Court.  15 U.S.C. §78u-4(a)(3)(B).

#### b. Mr. Matten Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Matten sustained total losses of approximately $3.482 million from his Class Period transactions in American Realty securities.  *See* Holleman Decl., Exs. 2-3.  To the best of his counsel's knowledge, there is no other applicant that has a larger financial interest in the litigation.  Accordingly, Mr. Matten has the largest financial interest of

any qualified movants seeking lead plaintiff status, and is the presumptive "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii).

### c. Mr. Matten Otherwise Satisfy Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff(s) move for class certification. *City of Monroe Employees' Retirement System v. Hartford Financial Services Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010); *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010). Mr. Matten satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. To satisfy Rule 23's typicality requirement, a class representative's injuries must arise from the same event or course of conduct as the injuries allegedly suffered by other class members, and its claims must be based on the same legal theory. *In re Tyco Int'l, Ltd. Secs. Litig.*, No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390, at *21 (D.N.H. Aug. 17, 2000).

8

Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.") (citations omitted).

Mr. Matten's claims are typical because, like all class members, he purchased American Realty securities at prices artificially inflated by defendants' false and/or misleading statements and omissions and then suffered damages when the price of these shares declined after the truth was revealed to the market. His claims arise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove defendants' liability. Thus, Mr. Matten satisfies the typicality requirements of Rule 23(a)(3).

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Matten to represent the class to the existence of any conflicts between the interests of Mr. Matten and the members of the class. "The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Here, Mr. Matten is an adequate representative of the class. As evidenced by the injuries suffered by Mr. Matten, who purchased American Realty securities at prices allegedly artificially

inflated by defendants' materially false and misleading statements, the interests of Mr. Matten are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Matten's interests and those of the other members of the class.

Further, Mr. Matten has taken significant steps which demonstrate that he will protect the interests of the class – he has retained competent and experienced counsel to prosecute these claims. Indeed, as is further detailed below, Mr. Matten's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. As such, Mr. Matten *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Mr. Matten's Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In that regard, Mr. Matten has selected Johnson & Weaver, a firm with substantial experience in the prosecution of shareholder and securities class actions, to serve as lead counsel in this case.

Proposed lead counsel, Johnson & Weaver, is headquartered in San Diego, California with offices in New York, New York and Marietta, Georgia. Johnson & Weaver has extensive experience and success litigating complex class and derivative actions on behalf of shareholders and publicly traded companies throughout the country. *See* Holleman Decl. Ex. 4. In fact, courts and clients alike have praised Johnson & Weaver and its attorneys for its capabilities in complex cases such as the present case. *Id.* Johnson & Weaver has been appointed as lead counsel in shareholder litigation numerous times in federal and state courts throughout the country. *See*, *e.g.*, *Desrocher v. Covisint Corporation*, No. 1:14-cv-03878-AKH (S.D.N.Y) (Johnson & Weaver appointed co-lead counsel in case alleging violations of federal securities laws); *Singh v. Schikan*, No. 1:14-cv-05450-NRB (S.D.N.Y.) (same); *Bryant Holdings, LLC v.*

*YRC Worldwide Inc.*, No. 11-cv-2072-KHV-JPO (D. Kan.) (Johnson & Weaver appointed co-lead counsel in case alleging violations of federal securities laws; $11 million settlement pending approval by the court); *Duncan v. Vical Inc.*, No. 13-cv-2628-DMS-RBB (S.D. Cal.) (Johnson & Weaver appointed sole lead counsel in case alleging violations of federal securities laws); *In re Brocade Sys. Commc'ns, Inc. Derivative Litig.*, No. 05-cv-041683 (Cal. Super. Ct. – Santa Clara Cty.) (Johnson & Weaver's predecessor firm appointed co-lead counsel over derivative case and then retained by company to assist in prosecution of claims against officers and directors for violating federal securities laws, recovering in excess of $24 million). There can be little doubt that Johnson & Weaver's extensive experience in complex shareholder litigation like the present case combined with its client-driven track record will serve lead plaintiff and the class well.

**IV.     CONCLUSION**

For the foregoing reasons, Mr. Matten respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint Mr. Matten as lead plaintiff; (iii) approve his selection of Johnson & Weaver to serve as lead counsel; and (iv) granting such other relief as the court may deem just and proper.

DATED: December 29, 2014.

JOHNSON & WEAVER, LLP

*/s/ W. Scott Holleman*
W. SCOTT HOLLEMAN
[SBN: 4606364]
99 Madison Avenue, 5th Floor
New York, NY  10016
Telephone:  212/802-1486
212/602-1592 (fax)
scotth@johnsonandweaver.com

11

                                          JOHNSON & WEAVER, LLP
                                          FRANK J. JOHNSON
                                          110 West "A" Street, Suite 750
                                          San Diego, CA 92101
                                          Telephone: 619/230-0063
                                          619/255-1856 (fax)
                                          frankj@johnsonandweaver.com

*Proposed Lead Counsel*