# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY CIRAULU, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:14-cv-08659-AKH |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN BLOCK, and LISA MCALISTER, | |
| Defendants. | |

*Captions continue on subsequent pages.*

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC SECTOR PENSION INVESTMENT BOARD FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND <u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>

|  |  |  |
|---|---|---|
| BERNARD PRIEVER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 1:14-cv-08668-AKH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| AMERICAN REALTY CAPITAL PROPERTIES INC., LISA P. MCALISTER and BRIAN S. BLOCK, | ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| STUART RUBINSTEIN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 1:14-cv-08669-AKH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., BRIAN S. BLOCK, LISA MCALISTER and NICHOLAS S. SCHORSCH; | ) ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| KEVIN PATTON, Individually and on Behalf of All Others Similarly Situated, | ) ) | Civil Action No. 1:14-cv-08671-AKH |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC.; DAVID S. KAY; NICHOLAS S. SCHORSCH; BRIAN S. BLOCK; and LISA P. MCALISTER, | ) ) ) ) | |
| Defendants. | ) ) | |

| | |
|---|---|
| JAMES W. EDWARDS, JR., Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:14-cv-08721-AKH |
| Plaintiff, | |
| vs. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN S. BLOCK and LISA PAVELKA MCALISTER, | |
| Defendants. | |
| BERNEY HARRIS, individually and on behalf of all others similarly situated, | Civil Action No. 1:14-cv-08740-AKH |
| Plaintiff, | |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, BRIAN S. BLOCK, DAVID S. KAY, and LISA P. MCALISTER, | |
| Defendants. | |
| SIMON ABADI, On behalf of Himself and All Others Similarly Situated, | Civil Action No. 1:14-cv-09006-AKH |
| Plaintiff, | |
| v. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, PETER M. BUDKO, BRIAN S. BLOCK, LISA E. BEESON, WILLIAM M. KAHANE, EDWARD M. WEIL, JR., LESLIE D. MICHELSON, EDWARD G. RENDELL, and SCOTT J. BOWMAN, | |
| Defendants. | |

|  |  |  |
|---|---|---|
| THE CITY OF TAMPA GENERAL EMPLOYEES RETIREMENT FUND, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | Civil Action No. 1:14-cv-10134-AKH |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, BRIAN BLOCK, PETER M. BUDKO, EDWARD M. WEIL, JR., BRIAN D. JONES, WILLIAM M. KAHANE, EDWARD G. RENDELL, WALTER P. LOMAX, JR., LESLIE D. MICHELSON, SCOTT J. BOWMAN, MERRILL LYNCH, PIERCE, FENNER & SMITH INC., CITIGROUP GLOBAL MARKETS INC., BARCLAYS CAPITAL INC., J.P. MORGAN SECURITIES LLC, CAPITAL ONE SECURITIES INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., WELLS FARGO SECURITIES, LLC, ROBERT W. BAIRD & CO. INC., LADENBURG THALMANN & CO. INC., BMO CAPITAL MARKETS CORP., JMP SECURITIES LLC, JANNEY MONTGOMERY SCOTT LLC, MIZUHO SECURITIES USA INC., PNC CAPITAL MARKETS LLC, PIPER JAFFRAY & CO., and RBS SECURITIES INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................2

FACTUAL BACKGROUND ..............................................................................................3

ARGUMENT .....................................................................................................................5

I.      THE ACTIONS SHOULD BE CONSOLIDATED ..................................................5

II.     PSP INVESTMENTS SHOULD BE APPOINTED LEAD
PLAINTIFF ............................................................................................................7

      A.     The PSLRA Standard for Appointing Lead Plaintiff ...............................7

      B.     PSP Investments Is the "Most Adequate Plaintiff" .................................8

            1.     PSP Investments Has Satisfied the PSLRA's
Procedural Requirements ...............................................................8

            2.     PSP Investments Has the Largest Financial Interest
in the Relief Sought by the Class ..................................................8

            3.     PSP Investments Satisfies Rule 23's Typicality and
Adequacy Requirements .................................................................9

                 (a)    PSP Investments' Claims Are Typical of
Those of the Class ...........................................................10

                 (b)    PSP Investments Will Fairly and Adequately
Protect the Interests of the Class .....................................10

            4.     PSP Investments Is Precisely the Type of Lead
Plaintiff Envisioned by the PSLRA ...............................................12

III.    THE COURT SHOULD APPROVE PSP INVESTMENTS'
SELECTION OF LEAD COUNSEL ......................................................................13

CONCLUSION ................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atwood v. Intercept Pharm., Inc.*,
   299 F.R.D. 414 (S.D.N.Y. 2014) ....................................................................5, 10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .......................................................................12, 13

*Dura Pharm., Inc. v. Broudo*,
   544 U.S. 336 (2005) ......................................................................................2, 9

*In re Elan Corp. Sec. Litig.*,
   No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ...............1, 9, 10, 11

*Faig v. Bioscrip, Inc.*,
   No. 13 Civ. 06922(AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)...................... *passim*

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) .........................................................................6

*In re KIT Digital, Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) ...............................................................11, 12, 13

*Lipetz v. Wachovia Corp.*,
   No. 08 Civ. 6171, 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ..........................11

*In re Orion Sec. Litig.*,
   No. 08-cv-1328, 2008 WL 2811358 (S.D.N.Y. July 8, 2008)................................6

**Rules & Statutes**

Fed. R. Civ. P. 23 ..................................................................................... *passim*

Fed. R. Civ. P. 42(a) ...............................................................................1, 5, 6

15 U.S.C. § 78u-4, *et seq.*. ......................................................................... *passim*

15 U.S.C. § 77z-1(a)(3)(B) ...............................................................................1

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-8141 (S.D.N.Y.)....................................................................................13

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-1963 (S.D.N.Y.) .................................................................................13

*In re Fannie Mae 2008 Sec. Litig.*,
   No. 08-cv-7831 (S.D.N.Y.)....................................................................................14

The Public Sector Pension Investment Board ("PSP Investments") respectfully submits this Memorandum of Law Pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), both as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"),[1] in support of its motion for the entry of an order: (1) consolidating the above-captioned actions (together, the "Action")[2] pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); (2) appointing PSP Investments as Lead Plaintiff for a class of all persons or entities who purchased or otherwise acquired the publicly traded securities of American Realty Capital Properties, Inc. ("American Realty" or the "Company") on the NASDAQ Global Select Market (the "NASDAQ") between May 6, 2013 and October 29, 2014, inclusive (the "Class Period");[3] and (3) approving PSP Investments' selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class.

---

[1] Because the lead plaintiff provisions of the Exchange Act and the Securities Act are substantially similar, only citations to the Exchange Act are provided for brevity.

[2] In addition to the above-captioned actions, another related action is pending in the U.S. District Court for the District of Maryland, *Wunsch v. American Realty Capital Properties, Inc.*, No. 14-cv-04007 (D. Md.). On December 23, 2014, the defendants requested that this case be transferred to the U.S. District Court for the Southern District of New York.

[3] The complaints in the above-captioned actions assert different class periods. For purposes of appointing the Lead Plaintiff, the longest alleged class period governs. *See, e.g.*, *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009) (finding it appropriate to use the longest alleged class period at the lead plaintiff stage). However, as described further below, because the alleged disclosure of fraud took place prior to the market's open on October 29, 2014, PSP Investments begins calculating the PSLRA's limitation of damages during the ninety days following the close of the Class Period, 15 U.S.C. § 78u-4(e), on October 29, 2014.

## PRELIMINARY STATEMENT

PSP Investments—a sophisticated institutional investor that oversaw more than

$85 billion[4] in assets as of September 30, 2014—respectfully submits that it should be appointed

Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired publicly

traded securities of American Realty on the NASDAQ during the Class Period (the "Class").[5] As

set forth below, PSP Investments expended more than $86 million on a net basis during the Class

Period, purchasing 6.81 million shares of American Realty common stock on the NASDAQ,

holding 6.78 million of those shares through the sole alleged disclosure of American Realty's

fraud, and incurring a loss of more than $26.8 million on those investments as calculated on a

last-in-first-out ("LIFO") basis and consistent with the loss causation principles set forth by the

U.S. Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 345-46 (2005).[6]

Indeed, consistent with *Dura*, PSP Investments suffered the overwhelming majority of its losses

on Class Period purchases of American Realty stock only after the Company's misconduct was

revealed to the public, causing drastic declines in the value of its securities, giving it an

---

[4] All dollar amounts are denominated in U.S. Dollars.

[5] The Class also includes all persons or entities who purchased or otherwise acquired American Realty securities pursuant or traceable to the Registration Statement filed in connection with the Company's public offering of 138 million shares of its common stock conducted on or around May 21, 2014, and all persons or entities who exchanged shares of Cole Real Estate Investments, Inc. ("CREI") common stock for shares of American Realty common stock in connection with American Realty's acquisition of CREI.

[6] A copy of PSP Investments' Certification is attached as Exhibit A to the Declaration of Michael W. Stocker (the "Stocker Declaration"), filed herewith. This Certification sets forth all of PSP Investments' transactions in American Realty securities during the Class Period. In addition, a chart reflecting the calculation of PSP Investments' financial loss on its investments in American Realty securities purchased on the NASDAQ during the Class Period is attached as Exhibit B to the Stocker Declaration.

extraordinarily large financial interest in this litigation—an interest believed to be greater than that of any other qualified movant.

PSP Investments also meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class. Indeed, PSP Investments is precisely the type of sophisticated institutional investor that Congress intended to empower to lead complex securities class actions, as reflected in the legislative history of the PSLRA. Accordingly, PSP Investments is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

PSP Investments also respectfully requests that the Court approve its choice of Lead Counsel for the Class. PSP Investments' selection for Lead Counsel, Labaton Sucharow, is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors. Labaton Sucharow has extensive experience in securities litigation and is eminently qualified to prosecute this case.

## FACTUAL BACKGROUND

Pending before the Court are seven securities class actions brought against American Realty[7] and certain of its current and former senior officers and directors and underwriters of its stock offering (collectively, "Defendants") for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission (the "SEC") and violation of Sections 11, 12(a)(2), and 15 of the Securities Act.

---

[7] American Realty is incorporated in Maryland and maintains its principal executive offices in New York, New York. The Company's common stock is listed on the NASDAQ, where it trades under the ticker symbol "ARCP."

American Realty is a real-estate investment trust ("REIT") and among the largest owners of single-tenant properties in the United States. A key accounting metric upon which REIT investors rely is adjusted funds from operations ("AFFO"), which measures a REIT's net income, including write-downs, depreciation, and amortization, but not including profits or losses from the sale of property. During the Class Period, American Realty reported AFFO, among other financial figures.

The Action alleges that, during the Class Period, Defendants issued materially false and misleading statements regarding American Realty's financial results. Specifically, the Company: (1) failed to properly report its AFFO, which it overstated by approximately $12 million for the fiscal period ended March 31, 2014 and by approximately $10.9 million for the fiscal period ended June 30, 2014; and (2) concealed deficiencies in its internal controls over financial reporting. As a result, American Realty caused its securities to trade at artificially inflated prices.

The truth began to be revealed prior to the market's open on October 29, 2014, when American Realty disclosed that its Audit Committee had determined after an internal investigation that an error in accounting for AFFO had previously been identified within the Company, but was intentionally not corrected, and other AFFO and financial statement errors were intentionally made. As a result, American Realty had overstated AFFO and understated the Company's net loss for the three and six month periods ending June 30, 2014. American Realty further announced that it would restate its financial results for the first and second quarters of 2014 and instructed investors to cease relying on its results for the full-year ended December 31, 2013. American Realty also reported that, "at the request of the Audit Committee, the Company's Chief Financial Officer and Chief Accounting Officer ha[d] resigned." In reaction

to these revelations, American Realty's stock price fell $2.38 per share, or 19.22 percent, to close at $10.00 per share on October 29, 2014, on extraordinarily high trading volume.

In the aftermath of these disclosures, regulators reportedly have launched civil and criminal investigations into the Company and a defamation lawsuit brought by American Realty's former Chief Accounting Officer has implicated American Realty's former CEO and Chairman of the Board of Directors, among others, in the accounting improprieties.

Defendants' violations of the securities laws and the revelations thereof have caused American Realty investors to incur hundreds of millions of dollars in losses.

## ARGUMENT

### I. THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Faig v. Bioscrip, Inc.* (*Bioscrip*), No. 13 Civ. 06922(AJN), 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) (same).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve a common question of law or fact." *Bioscrip*, 2013 WL 6705045, at *1 (citation omitted); *see also Atwood v. Intercept Pharm., Inc.* (*Intercept*), 299 F.R.D. 414, 415 (S.D.N.Y. 2014) (consolidating "related securities class actions [that] contain the same factual and legal issues"). The Court has "broad discretion to determine whether consolidation is appropriate" under Rule 42(a). *Bioscrip*, 2013 WL 6705045, at *1 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Courts recognize that class action suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time

and money by all concerned.  *See, e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (consolidating securities class actions with common allegations noting "the well[-]recognized principle that the consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs") (citation omitted).  "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation."  *In re Orion Sec. Litig.*, No. 08-cv-1328, 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008); *see also Bioscrip*, 2013 WL 6705045, at *1 (noting that consolidation was appropriate despite "the fact that [cases] ha[d] slightly different proposed class periods and defendants, [and] the fact that [one action] allege[d] Securities Act violations in addition to Exchange Act violations").

The above-captioned actions all allege that American Realty and certain of its officers and directors violated the federal securities laws and set forth nearly identical allegations relating to similar parties, transactions, and events—primarily the Company's representations to the market in its financial statements—during similar class periods.  Because consolidation will promote judicial efficiency and conserve the resources of the class and all other parties, consolidation is appropriate pursuant to Rule 42(a).  Accordingly, the above-captioned actions should be consolidated.[8]

---

[8]  For the same reasons, should the *Wunsch* action be transferred from the U.S. District Court for the District of Maryland to this Court, the Wunsch action too should be consolidated with the above captioned actions.  The *Wunsch* action contains similar allegations to those set forth in the above-captioned actions and its consolidation would be consistent with the interests of judicial economy.

## II.    <u>PSP INVESTMENTS SHOULD BE APPOINTED LEAD PLAINTIFF</u>

### A.    <u>The PSLRA Standard for Appointing Lead Plaintiff</u>

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B.    PSP Investments Is the "Most Adequate Plaintiff"

PSP Investments respectfully submits that it is presumptively the "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, possesses the largest financial interest of any qualified movant, and satisfies Rule 23's typicality and adequacy requirements.

#### 1.    PSP Investments Has Satisfied the PSLRA's Procedural Requirements

PSP Investments filed this Motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff who filed the first complaint in the Action caused notice regarding the pending nature of this case to be published on *Globe Newswire*, a widely-circulated, national, business-oriented news reporting wire service, on October 30, 2014.  *See* Notice, Stocker Decl. Ex. C.  Thus, pursuant to the PSLRA, any member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before December 29, 2014.  PSP Investments has filed its motion within the required time frame.

#### 2.    PSP Investments Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

PSP Investments purchased 6.81 million total shares, or 6.78 million net shares, of American Realty stock on the NASDAQ during the Class Period, expending $86.5 million on a net basis.  *See Bioscrip*, 2013 WL 6705045, at *2 ("[C]ourts in this district generally consider the following factors [in evaluating movants' financial interest]:  (1) the total number of shares

purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.") (citations omitted). The extent of PSP Investments' financial interest in this litigation is evident when loss causation principles set forth by the U.S. Supreme Court's seminal *Dura* opinion are properly accounted for. In *Dura*, the U.S. Supreme Court held that plaintiffs bringing claims pursuant to the federal securities laws must demonstrate a causal connection between their losses and the alleged fraud. *See Dura*, 544 U.S. at 342-43 (discussing the legal requirement that recovery sought be premised on a loss caused by the revelation of a misrepresentation by defendants). Thus, under *Dura*, if a purchaser of stock sells its shares before any revelation of fraud, it will not be able to demonstrate the requisite loss causation and any losses on such sales will not be recoverable. Here, consistent with *Dura*, PSP Investments incurred a loss of $26,833,843 on its American Realty stock purchased during the Class Period and held through the alleged disclosure of fraud. *See* Loss Analysis, Stocker Decl. Ex. B. PSP Investments is unaware of any other movant with a larger financial interest in the outcome of the Action.

### 3. PSP Investments Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to requiring the identification of the movant with the largest financial interest, the PSLRA also directs that a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to class certification, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class;

and (4) the representative will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  However, "[a]t [the lead plaintiff motion] stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements [of Rule 23] have been met."  *Elan*, 2009 WL 1321167, at *2 (citation omitted).  PSP Investments unquestionably satisfies both requirements.

**(a)  PSP Investments' Claims Are Typical of Those of the Class**

Pursuant to Rule 23(a)(3), the claims or defenses of a representative party must be "typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "The typicality requirement is satisfied if the movant shows that class members' claims arise[ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Bioscrip*, 2013 WL 6705045, at *3 (citation omitted).

The typicality requirement is satisfied here because PSP Investments, which is not subject to any unique or special defenses, seeks the same relief and advances the same legal theories as do other Class members.  As did all members of the Class, PSP Investments purchased American Realty securities during the Class Period at prices that were allegedly inflated due to Defendants' material false or misleading statements or omissions, and were damaged thereby.  *See Intercept*, 299 F.R.D. at 416 (discussing the typicality requirement).  These shared claims, which are based on the same legal theories and arise from the same events and course of conduct as the claims of the other Class members, satisfy Rule 23(a)(3)'s typicality requirement.

**(b)  PSP Investments Will Fairly and
Adequately Protect the Interests of the Class**

Pursuant to Rule 23(a)(4), a representative party must demonstrate that it "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

PSP Investments will fairly and adequately represent the interests of the proposed Class. As described below, PSP Investments has "the size, available resources and experience" necessary to successfully prosecute this action on behalf of the Class. *Elan*, 2009 WL 1321167, at *2 (citation omitted). In addition, and as discussed further below, PSP Investments has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted this choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v) (setting forth the requirements for timely motions and lead plaintiff's selection of counsel); *see also Elan*, 2009 WL 1321167, at *2 (directing courts to consider "the qualifications of the proposed class counsel" in assessing a movant's adequacy) (citation omitted). No antagonism exists between the interests of PSP Investments and those of the absent Class members; rather, the interests of PSP Investments are squarely aligned with those of the Class. *See id.* (instructing courts, as part of adequacy analysis, to consider "any potential conflicts or antagonisms rising among purported class members") (citation omitted). As a sophisticated institutional investor that incurred a substantial loss on its investment in American Realty's common stock due to Defendants' alleged fraud, PSP Investments has a sufficient interest in the outcome of this case to ensure vigorous prosecution of the Action. *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171, 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting that an institutional investor's "substantial financial stake in the litigation" suggests that "as lead plaintiff, [the institutional investor] would prosecute the claim vigorously"). PSP Investments also is committed to maximizing the recoveries of all investors in American Realty securities during the Class Period. Accordingly, PSP Investments satisfies the adequacy requirement.

### 4. PSP Investments Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, PSP Investments—a large, sophisticated institutional investor—is precisely the type of investor Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. As Congress noted in its PSLRA Statement of Managers Report, the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Rep. No. 104-327, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 737)); *see also In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs").

With its principal place of business in Montreal, Canada, PSP Investments is a Canadian Crown corporation established to invest the amounts transferred by the Government of Canada equal to the proceeds of the net contributions since April 1, 2000, for the pension plans of the Public Service, the Canadian Forces, and the Royal Canadian Mounted Police, and since March 1, 2007, for the Reserve Force Pension Plan (collectively the "Plans"). The amounts so transferred to PSP Investments are to fund the liabilities under the Plans for service after the foregoing dates.

PSP Investments' statutory objectives are to manage the funds transferred to it in the best interests of the contributors and beneficiaries under the Plans and to maximize investment returns without undue risk of loss, having regard to the funding, policies, and requirements of the

Plans and their ability to meet their financial obligations.  As of September 30, 2014, PSP Investments had $85.2 billion in net assets under management.

PSP Investments has the sophistication and resources necessary to vigorously litigate the Action and supervise Class counsel.  PSP Investments also understands the fiduciary duties of a lead plaintiff, is willing to oversee the vigorous prosecution of the Action, and has pledged to "provid[e] testimony at deposition and trial, if necessary. . . ."  Certification, Stocker Decl. Ex. A.  Accordingly, PSP Investments is the paradigmatic lead plaintiff as contemplated by the PSLRA.

## III.  THE COURT SHOULD APPROVE PSP INVESTMENTS' SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices."  *In re Cendant*, 264 F.3d at 274; *see also KIT Digital*, 293 F.R.D. at 448 ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (citations omitted).

Labaton Sucharow, PSP Investments' selection for Lead Counsel for the Class, has excelled as lead counsel in numerous landmark securities class actions on behalf of defrauded investors.  Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors.  Labaton Sucharow also secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the firm served as co-lead counsel.  Most recently, following six years of litigation, as co-lead counsel Labaton Sucharow achieved a $170 million recovery, pending final

court approval, in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.). Labaton Sucharow presently serves as co-lead counsel in securities class actions against Goldman Sachs Group, Inc. and Facebook, Inc., among other significant investor class actions pending in this and other Districts. *See* Labaton Sucharow Firm Resume, Stocker Decl. Ex. D.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, PSP Investments respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint PSP Investments as Lead Plaintiff for the Class; and (2) approve PSP Investments' selection of Labaton Sucharow as Lead Counsel for the Class.

Dated: December 29, 2014

Respectfully submitted,

By: _/s/ Michael W. Stocker_
Christopher J. Keller
Michael W. Stocker
Rachel A. Avan
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
E-mail: ckeller@labaton.com
mstocker@labaton.com
ravan@labaton.com

*Counsel for the Public Sector Pension
Investment Board, and
Proposed Lead Counsel for the Class*